## SUMMERLIN v. MASSMAN CONST. CO. et al.

No. 6477.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 17, 1952.

Decided Nov. 10, 1952.

Louis B. Fine, Norfolk, Va. (Phillip B. West and Howard I. Legum, Norfolk, Va., on brief), for appellant.

Lewis H. Hall, Jr., Newport News, Va. (W. Worth Martin, Newport News, Va.; on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

James W. Summerlin brought suit in the District Court under the Jones Act, 46 U.S.C.A. § 688, which gives any seaman who shall suffer personal injury in the course of his employment the right to maintain an action for damages at law, and confers jurisdiction upon the court of the federal district in which the defendant employer resides or has his personal office. The plaintiff alleged that on September 21, 1950 he was employed by the defendants as a fireman on a floating derrick owned by the defendants and operated by them in the York River in the State of Virginia; and while so employed the defendants negligently failed to provide him with safe equipment and a safe and seaworthy vessel, and in consequence, his right wrist was lacerated and the fourth and fifth fingers of his right hand were rendered useless.

The defendants appeared and denied liability on the ground that after the injury the plaintiff and the defendants executed an agreement for the payment of compensation under the Virginia Workmen's Compensation Act, Code 1950, § 65-1 et seq., and filed the agreement with the State Industrial Commission which entered an award of $20 per week which began on September 29, 1950 and continued until terminated within the provisions of the statute, and that the award was paid to and accepted by the plaintiff.

The defendants also defended on the ground that the plaintiff was not a seaman within the meaning of the Jones Act, and that the floating derrick on which he was

employed was not a vessel engaged in navigation. They alleged that the structure was a crane or derrick which was anchored in the river and was engaged in pouring concrete into certain forms incident to the building of a bridge across the river; and that the plaintiff was not employed as a member of the crew of a vessel, but was employed to perform the duties of a fireman on the crane or derrick, and such other duties as the defendants might assign to him in the building of the bridge. The defendants also denied that they had been guilty of negligence, as alleged in the complaint.

The matter came before the court for hearing on the pleadings and on a statement of facts by counsel, and the court reached the conclusion that there could be no recovery under the Jones Act. The facts on which the decision turns were amplified by statements, made by counsel without objection, to the effect that the barge on which the crane was erected had no motive power of its own and no sleeping quarters for the plaintiff and his fellow employees and that the barge was moved in the water from time to time to facilitate the work during the construction of the bridge.

The District Judge found it unnecessary to consider the defense that the plaintiff, having accepted compensation, was barred from prosecuting the instant suit, and based the opinion entirely on the ground that the plaintiff was not a seaman or crew member injured upon a vessel engaged in navigation on navigable waters at the time of his injury. Confining ourselves to this phase of the case, we find ourselves in disagreement with the conclusions of the court. The case cannot be distinguished on this point from that considered by us in Jeffrey v. Henderson Bros., 4 Cir., 193 F.2d 589, where employees on a coal cleaning barge, which had been libelled by material men, filed wage claims that were held to be prior to the claim of a mortgagee. The barge was furnished with machinery and equipment for cleaning and screening coal. It was without motive power of its own but had been moved close to the shore on the Monongahela River in West Virginia and kept in place by mooring lines and spuds. The

machinery was used to lift coal from refuse piles along the river bank to the barge where it was cleaned and transferred to barges for transportation and sold. The wage claimants were primarily engaged in the coal cleaning operation. Their maritime activities were reduced to a minimum, consisting for the most part in assisting in moving the barge along the shore when necessary and transferring the cleaned coal to other vessels. We held, after reviewing the pertinent authorities, that the employees were seamen employed on a vessel engaged in maritime operations and were therefore entitled to a maritime lien for wages. The similarity between these facts and those in the pending case needs no comment, and we conclude that the plaintiff's claim falls within the scope of the Jones Act. See also, Gahagan Const. Corp. v. Armao, 1 Cir., 165 F.2d 301; Carumbo v. Cape Cod S/S Co., 1 Cir., 123 F.2d 991; Schantz v. American Dredging Co., 3 Cir., 138 F.2d 534; Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670. Cf. Fuentes v. Gulf Coast Dredging Co., 5 Cir., 54 F.2d 69; Beddoo v. Smoot Sand & Gravel Corp., 76 U.S.App.D.C. 39, 128 F.2d 608.

What effect should be given to the determination of the Virginia Commission that the case was within its cognizance under the state's workmen's compensation statute, and what weight should be given to the acceptance of the award by the plaintiff were not considered by the District Court or discussed in the briefs of the attorneys in this court on appeal, and we express no opinion thereupon. The conflict of opinion in cases close to the border line between maritime and non-maritime activities has been considered by this court in Travelers Ins. Co. v. McManigal, 4 Cir., 139 F.2d 949, and Newport News Shipbldg. & Drydock Co. v. O'Hearne, 4 Cir., 192 F.2d 968, in which awards by the federal administrative authorities under the Longshoremen's & Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., were upheld; and also in Motor Boat Sales v. Parker, 4 Cir., 116 F.2d 789 in which recovery of compensation under the federal statute was denied. The last mentioned decision was reversed by the Supreme Court in Parker v. Motor

Boat Sales, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, and in that case and in the subsequent decision in Davis v. Dept. of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, the court shed further light on the path to be followed in this twilight zone and upon the weight to be given to the conclusions of the appropriate federal and state compensation authorities. See also, South Chicago Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931.

The effect to be given to the acceptance of compensation by one who sues for personal injuries, either in admiralty or under the Jones Act, has been considered in Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670 and Gahagan Const. Corp. v. Armao, 1 Cir., 165 F.2d 301. See also, Hoffman v. N. Y., N. H. & H. R. Co., 2 Cir., 74 F.2d 227.

The judgment of the District Court will be reversed and the case remanded for a new trial at which the defendants will be free to raise any additional defense they see fit.

Reversed and remanded.