Rudolph E. HILL, Appellant,

v.

B. F. DIAMOND, trading as Diamond Construction Company, Appellee.

John Gene HODGES, Appellant,

v.

B. F. DIAMOND, trading as Diamond Construction Company, Appellee.

Nos. 8698, 8699.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1962.

Decided Dec. 31, 1962.

L. David Lindauer, Portsmouth, Va. (Bangel, Bangel & Bangel, Portsmouth, Va., on brief), for appellants.

John W. Winston, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellee.

Before SOPER, HAYNSWORTH and BOREMAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The District Court dismissed these Jones Act cases upon the ground that a tubular section destined to become a part of a tunnel for vehicular traffic beneath the Elizabeth River was not a vessel in navigation, and that the injured workmen, one a rodman, the other a welder, were not seamen. The plaintiffs appeal, asserting that their contentions as to their status and that of the structure upon which they were working involved

issues of fact which should have been submitted to a jury. We think, however, that there is no factual issue and that the Court properly dismissed these actions.

The defendant was engaged in the construction of a tunnel beneath the Elizabeth River designed for vehicular traffic between Norfolk and Portsmouth, Virginia. The tunnel consists of twelve tubular sections laid in a trench which had been dug in the river bottom. The initial fabrication of the metal skeleton of the tubular sections, each approximately 300 feet long and 37 feet in diameter, was accomplished at Port Deposit, Maryland. After some 800 yards of keel concrete had been poured in each metal section to keep it steady, each section, sealed at either end, was towed to an outfitting pier in Portsmouth, Virginia. There, steel forms and reinforcing steel rods were put in place, after which concrete was poured throughout the interior of each tubular section. When the interior of the tube had been prepared, including its lining with concrete, the section was again sealed and the outside of the section was then encased in concrete. When this operation had been completed, the section had lost most of its buoyancy. It was then towed into position above the trench in the bottom of the river, where it was sunk and connected to the adjacent section, after which the end bulkhead was cut out and the interior work was completed.

The plaintiffs here, Hill and Hodges, respectively, were a rodman placing reinforcing rods preparatory to the pouring of interior concrete and a welder welding such rods in place. Each of them sustained an injury when he lost his footing while working inside one of the tubes. Each has received workmen's compensation benefits, but they filed these actions under the Jones Act contending that the tunnel section was a vessel and that they were seamen entitled to a warranty of seaworthiness. Each claimed that his fall was caused by a slippery condition which he contends was a violation of the asserted warranty.

No one was housed or fed within the tube section.

It is well established that many special purpose craft, such as dredges,[1] floating derricks[2] and barges equipped for special purposes or operations[3] are vessels within the meaning of the Jones Act and that persons regularly employed aboard such a vessel in aid of its purposes are seamen.[4]

From such premises, however, it does not follow that a structure under construction, pursuant to nonmaritime contracts, is a vessel in navigation when

1. Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; Ellis v. United States, 206 U.S. 246, 27 S.Ct. 600, 51 L.Ed. 1047; McKie v. Diamond Marine Co., 5 Cir., 204 F.2d 132; Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 202 F.2d 383; Gahagan Const. Corporation v. Armao, 1 Cir., 165 F.2d 301; Pariser v. City of New York, 2 Cir., 146 F.2d 431; Chesser v. General Dredging Co., S.D.Fla., 150 F.Supp. 592; Early v. American Dredging Co., E.D.Pa., 101 F.Supp. 393; Melanson v. Bay State Dredging & Contracting Co., D.Mass., 62 F.Supp. 482; Arundel Corporation v. Jasper, 219 Md. 519, 150 A.2d 415; Brannan v. Great Lakes Dredge & Dock Company, 253 Minn. 28, 91 N.W.2d 166; Brown v. L. A. Wells Const. Co., 143 Ohio St. 580, 56 N.E.2d 451.

2. Summerlin v. Massman Const. Co., 4 Cir., 199 F.2d 715.

3. Gianfala v. Texas Company, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; Adams v. Kelly Drilling Co., 5 Cir., 273 F.2d 887; Offshore Company v. Robison, 5 Cir., 266 F.2d 769, 75 A.L.R.2d 1296; Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 202 F.2d 383; Jeffrey v. Henderson Bros., Inc., 4 Cir., 193 F.2d 589; Schantz v. American Dredging Co., 3 Cir., 138 F.2d 534; Bernardo v. Bethlehem Steel Co., S.D.N.Y., 169 F.Supp. 914; Taylor v. Central Railroad Company of New Jersey, 9 A.D.2d 101, 191 N.Y.S.2d 690.

4. See, e. g., Gianfala v. Texas Company, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; Summerlin v. Massman Const. Co., 4 Cir., 199 F.2d 715; Jeffrey v. Henderson Bros., Inc., 4 Cir., 193 F.2d 589; George Leary Const. Co. v. Matson, 4 Cir., 272 F. 461.

it was not designed as a vessel and was never intended to be used as a vessel. The fact that construction materials or subassemblies intended for incorporation in a nonmaritime structure may be afloat at sometime during the construction process, including their placement in position, does not make of the material or of the subassembly a vessel in navigation within the meaning of the Jones Act. Even ships, beyond question vessels in navigation when in service, are not vessels in navigation when undergoing major construction work to fit them for navigation,[5] or after decommissioning when they are being prepared for storage.[6] Surely, if a ship undergoing major construction, reconstruction or overhaul is not a vessel in navigation, a nonmaritime structure undergoing major construction for the purpose of becoming an integral part of a tunnel is not a vessel in navigation while under construction.

■ This is not to say that the partially constructed tube while under tow from Port Deposit, Maryland, to the outfitting pier in Portsmouth, Virginia, was not burdened with some duties of a maritime nature. While actually under tow, it and the tug were subject to the Rules of the Road, and the persons in charge of it were required to take necessary and appropriate steps to avoid collisions between the floating tube and any vessel or structure encountered on the way. As much might be said, however, of a partially constructed ship being towed immediately after launching to an outfitting

pier where the construction work would be continued until completion, but the ship, while moored at the outfitting pier and undergoing major construction, would not be a vessel in navigation within the meaning of the Jones Act.[7] The fact then that this tunnel section was afloat, moored to an outfitting pier, at the time these plaintiffs working within it were injured, does not require or permit a finding that the tunnel section was a vessel and the workmen seamen and members of her crew, when it is conceded that the tunnel section was never intended for use as a vessel and when, at the time, it was undergoing major construction.

The plaintiffs contend, however, that the applicability of the substantive principles is a question of fact which should have been submitted to a jury. They say that the District Judge had no right to decide that the tunnel section was not a vessel in navigation or that the plaintiffs were not seamen and members of its crew, and that his award of summary judgment deprived them of the right to have a jury decide such questions.

Though the underlying facts may not be in dispute, many cases present situations in which reasonable men may differ over the ultimate inference to be drawn from the evidentiary facts. More frequently, such factual controversies over Jones Act remedies have arisen out of the claimant's contention that he was a seaman and a member of the crew of a craft which was clearly or admittedly a vessel in navigation,[8] but there are close

5. West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161; Frankel v. Bethlehem-Fairfield Shipyard, Inc., 4 Cir., 132 F.2d 634. Construction, and other, workers employed aboard a vessel withdrawn from navigation are not seamen within the meaning of the Jones Act. Roper v. United States, 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1; Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205; Union Carbide Corporation v. Goett, 4 Cir., 256 F.2d 449.

6. Noel v. Isbrandtsen Company, Inc., 4 Cir., 287 F.2d 783.

7. West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161; Frankel v.

Bethlehem-Fairfield Shipyard, Inc., 4 Cir., 132 F.2d 634.

8. Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754; Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; Gianfala v. Texas Company, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S. Ct. 544, 84 L.Ed. 732; Offshore Company v. Robison, 5 Cir., 266 F.2d 769, 75 A.L.R. 2d 1296; Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 202 F.2d 383.

cases in which the status of the vessel, itself, may depend upon the view which the finder of fact takes of the evidentiary facts.[9]

If a claimant is injured while working aboard a vessel in navigation, any question of his right to resort to the remedy of the Jones Act will frequently turn upon inferences of fact, but that is not to say that there is a question of fact respecting the Jones Act remedy when the admitted facts leave no reasonable room for conflicting ultimate inferences. If a seaman under Articles is injured while performing his duties aboard a fully manned ship in service, there is no preliminary question of fact as to his right to resort to the Jones Act simply because the ship might wish him relegated to some other remedy. Nor is there any such preliminary question of fact if a construction worker on a dock is injured simply because he would like to associate himself with the transient vessel which was temporarily moored there. Similarly, when there is a basis for reasonable difference as to the status of the structure as a vessel in navigation, the ultimate inference may be one of fact, but when there is no such basis, there is no preliminary factual question as to the applicability of the Jones Act. The SS Harry Lane, with which we were concerned in Roper v. United States[10] was beyond question a vessel in navigation before she was decommissioned. Unquestionably, she was not a vessel in navigation after she was decommissioned and was stored in the mothball fleet. A factual question did arise when she was modified, however, and was used as a floating granary, for a finder of fact could have drawn the inference that she was being used as a barge and warranted her fitness for such use. That the finding of fact was held determinative by the Supreme Court in Roper, however, does not suggest that a jury must determine the legal questions when, on undisputed facts, only one ultimate inference reasonably may be drawn. There are thus numerous cases in which the court has disposed of the matter upon motion, for there was no debatable factual question to be resolved.[11]

The plaintiffs' claim essentially is that because in some cases the questions of the status of the claimant and of the structure in whose service he contends he was engaged have been held to be ones of fact, the assertion of the claim, however baseless, creates a question of fact in every case. A similar contention was made to the Court of Appeals for the Fifth Circuit in Thibodeaux v. J. Ray McDermott & Co.[12] and summarily rejected. Of course, there is no such doctrine.

Here, there is no basis for a reasonable inference that the tunnel section was a vessel in navigation. Never intended to be a vessel, it was in the process of original construction. Preparation for the pouring of interior concrete was underway, but the interior concrete work was incomplete and the exterior concrete work not yet begun. Even a ship in a comparable stage of construction does not warrant her seaworthiness, and a finder of fact could not reasonably find that this tunnel section did.

Affirmed.

9. Roper v. United States, 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754.

10. 4 Cir., 282 F.2d 413, aff'd. 368 U.S. 20, 82 S.Ct. 5, 7 L.Ed.2d 1.

11. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205; Thibodeaux v. J. Ray McDermott & Co., 5 Cir., 276 F.2d 42; Texas Company v. Savoie, 5 Cir., 240 F.2d 674; Antus v. Interocean S.S. Co., 6 Cir., 108 F.2d 185; Hawn v. American S.S. Co., 2 Cir., 107 F.2d 999; Frankel v. Bethlehem-Fairfield Shipyard, Inc., 4 Cir., 132 F.2d 634; In re United States Air Force Texas Tower, No. 4, S.D.N.Y., 203 F.Supp. 215; Gonzales v. United States Shipping Board, E. F. Corp., E.D.N.Y., 3 F.2d 168.

12. 276 F.2d 42.