Vannie Floyd WILLIAMSON, Appellant,

v.

DASPIT BROS. MARINE DIVERS, INC., et al., Appellees.

No. 20854.

United States Court of Appeals
Fifth Circuit.

Sept. 29, 1964.

Russell J. Schonekas, Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, La., for appellant.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for appellees.

Before BROWN, MOORE * and GEWIN, Circuit Judges.

MOORE, Circuit Judge:

On October 11, 1957, Stephen I. Williamson met his death by drowning while working as a deep sea diver. His widow, Vannie Floyd Evans, individually and as Administratrix of his estate, brought suit against Daspit Bros. Marine Divers, Inc. (subsequently amended to Walter Daspit—referred to as "Daspit") and Daspit's insurer, The Fidelity and Casualty Company of New York (the Insurance Company). The complaint (amended) contained three causes of action. The first cause of action under the Jones Act, Section 33, Merchant Marine Act of 1920, 46 U.S.C.A. § 688 as amended, alleged in substance that Daspit owned, operated and/or controlled a vessel known as a crewboat, that decedent was a member of the crew and "was engaged in work for the purpose of which the vessel was intended," that his duty among other things was to perform marine diving and various tasks on board the vessel, that the vessel was "engaged in the clearing of a pipe line of debris in navigable waters," that an employee of Daspit lifted decedent too rapidly, causing a release of his

---

* Of the Second Circuit, acting by designation.

diving mask and belt, that the vessel and its appurtenances were defective and unseaworthy and that these circumstances were the cause of decedent's death. The second cause of action was brought in the alternative on the same allegations under the General Maritime Law. The third cause of action sought relief, in the event of failure under the first and second causes of action, under the Louisiana Workmen's Compensation Law, LSA–Revised Statutes of 1950, 23:1021 et seq., as amended. A jury trial was requested on the first and second causes of action.

The first two causes of action were dismissed as to the Insurance Company, but retained as to Daspit; and the issues involved were tried by a jury. The third cause of action, tried by the court, was against both Daspit and the insurance company. On the issues submitted to it, the jury returned a verdict in favor of the defendant Daspit on the first and second causes of action. Upon findings of fact and conclusions of law, by stipulation of counsel, based on the same evidence, the Court found for Daspit and the Insurance Company on the third cause of action. From judgments of dismissal entered thereon, plaintiff appealed.

■ The primary issue is whether the decedent was an employee of Daspit or an independent contractor. The jury's verdict should be determinative unless they were incorrectly instructed as to the law or there were errors in the admission or exclusion of proffered proof. No real explanation was ever given as to the cause of decedent's death. At the end of plaintiff's case, the Court thought that "the case is woefully lacking in proof" but denied a motion for a directed verdict. At the close of the entire case, the Court submitted the relevant issues to the jury in a charge which embraced the essential elements necessary to their verdict.

■ First, plaintiff to come under the Jones Act had to establish that the decedent was an employee of Daspit; second, that he was employed as a seaman on a vessel owned or operated by the employer and over which the employer had control or command; and third, that Daspit or one for whom he was responsible was guilty of negligence proximately causing the death. The Court outlined the factual tests for determining whether the decedent was an employee or an independent contractor. Apparently, in summation there had been a concession as to the consequences of a finding that decedent was an independent contractor because the Court said: "Plaintiff's counsel has told you if you find that this decedent was an independent contractor, then, of course, the plaintiff's case falls." If, however, the jury found that decedent was an employee, it was then to consider whether he was "a seaman aboard a vessel." To resolve this question, the Court correctly instructed the jury that they could "find him to have been a seaman if you find that he was more or less permanently attached to the vessel in the capacity in which he was employed, or that the duties which he performed, contributed to the function of the vessel or to the accomplishment of her mission."

If the jury found that decedent was an employee and a member of the crew, the court told the jury to "go to the next question and decide whether or not that vessel was under the control or command or operated by, if you will, Walter Daspit in all respects of her operation at the time of this accident" as alleged by plaintiff in her complaint.

The Court then succinctly and clearly summarized the essential elements by charging:

"If you find, first, that the deceased was an employee of the defendant, and secondly that he was a seaman and a member of the crew of the vessel Aline 'B' at the time of the accident, and third that his employer did have control or command over the operation and movements of the Aline 'B', and fourth that the defendant Walter Daspit or anyone for whom he is responsible was guilty of negligence proximately caus-

ing the accident complained of, then you must find for the plaintiff, subject to the possible finding of contributory negligence on the part of the decedent."

The charge is stressed because appellant bases three of her five specifications of error upon claimed errors of law or upon the Court's failure to give the specific charges requested by appellant. Appellant asserts, despite the complaint's allegation, that the Court added an unnecessary element in stating that the jury had to find that the employer had "control or command over the operation and movements of the Aline 'B'". It must be remembered, however, that the main issue was whether the decedent was an employee or an independent contractor. In resolving this question, the most important factor was: Was the decedent acting under the control of his employer? Whether Daspit had control of the operation bore upon this question. If the jury determined that Daspit did not have any control over the vessel, this fact together with the other evidence entered into the resolution of the employee or independent contractor relationship. Furthermore, if the vessel for any reason were unseaworthy, Daspit had to have some control over it to be held liable.

Summarized briefly, there were facts before the jury which showed that Daspit had entered into a contract with Collins Construction Company (Collins) whereby Daspit was to clear a submarine pipeline offshore at Grand Isle, Louisiana. Collins was to furnish the transportation (crewboat), Daspit to furnish the divers and diving equipment. The decedent and his brother Ted were and had been for many years professional deep sea divers. The Williamsons made an agreement with Daspit to clear a section of the pipeline for $750. There was testimony from which the jury could have concluded that the Williamsons exercised full control over the method they chose to perform the work. During the trial, the Court gave appellant the broadest latitude in developing possible speculations as to the cause of decedent's death amongst which were (1) proceeding with the operation in choppy seas, (2) an incompetent skipper or diver's assistant, and (3) inadequate or old-fashioned diving equipment. All these possibilities were for the jury's consideration. The Court's charges fairly stated the law as to negligence and contributory negligence. Had the jury accepted any one of the speculative possibilities, it could have found for the plaintiff. It did not. The cause of death remains a complete mystery. More tangible, however, was the proof that the Williamsons were independent contractors. This fact alone would defeat that all-essential employer-employee relationship necessary for a recovery.

By stipulation of counsel, the Court decided the third cause of action which claimed liability under the Louisiana compensation laws. The Court concluded that the decedent was not an employee of Daspit but rather an independent contractor and, hence, not entitled to recover either from Daspit or the Insurance Company. Appellant challenges this conclusion by arguing that under the statute " 'Independent Contractor' means any person who renders service, other than manual labor * * *." and that such contractors are "expressly excluded from the provisions of this Chapter unless a substantial part of the work time of an independent contractor is spent in manual labor by him in carrying out the terms of the contract, in which case the independent contractor is expressly covered by the provisions of this Chapter." LSA–R.S. 23:1021. Like so many statutes, this statute is not self-interpreting. What is "manual labor"?; what is "substantial"? Almost all skills are exercised with some manual labor. The Louisiana courts have defined "Manual Labor" as denoting "work in which the physical element predominates over the mental." Welch v. Newport Industries, 86 So.2d 704, 707 (La.App.1956). See also Sam v. DeVille Gin, Inc., 143 So.2d 838 (La.App.1962). The line of demarcation is often shadowy

and vague. Opinions may well differ. However, there is much more to the art of deep sea diving than merely trudging along the bottom of the sea. After having heard all the testimony and seen the witnesses, the trial court concluded that the decedent was an independent contractor. This conclusion is certainly not clearly erroneous.

The requested charges which the Court refused to give were adequately covered in the charge as given. The reference to the dismissal against the Insurance Company was merely to inform the jury of the then posture of the case. No prejudice to appellant resulted therefrom.

Judgment affirmed.