STATE *v.* BENNETT.

[Cite as State v. Bennett, 17 Ohio Misc. 196.]

(No. 35764—Decided January 31, 1969.)

Common Pleas Court of Summit County.

*Mr. James V. Barbuto*, prosecuting attorny, and *Mr. Stephan M. Gabalac*, for plaintiff.

*Mr. Charles M. Deitle*, for defendant.

QUILLIN, J. The defendant, who has been indicted on two counts for the illegal sale of narcotics, is before the court on a motion for a bill of particulars, pursuant to Section 2941.07, Revised Code. This motion reads as follows:

"Now comes the defendant, by and through his attorney, Charles M. Deitle, and respectfully requests the prosecuting attorney to furnish this defendant a bill of particulars setting up specifically the nature of the offense charged in the following respects, to wit:

"1. To whom did this defendant sell the narcotic drugs in both counts of the indictment.

"2. Where were the sales made in both counts of the indictment.

"3. What were the names of all people present at the time of the sale in both counts in the indictment.

"4. What was the consideration for the sales in both counts in the indictment.

"5. What time of the day did the sales take place in both counts in the indictment."

At the time of oral argument the court overruled the third and fourth branches of the motion and took the remainder under advisement.

Each count of the indictment alleges that the defendant "did sell to another." The defendant has, among other things, asked that the identity of the person to whom the sales were made be disclosed. The state, on the other hand, represents that the person to whom the sales were made is an undercover agent. The state claims that if his identity is revealed it will certainly eliminate his effectiveness on the other cases now under investigation and quite probably endanger his very life. It would appear

to the court that the concern of the prosecuting authorities is not groundless.

Although a bill of particulars may not be used merely as device to discover the evidence of which the prosecution is possessed, *State* v. *De Righter* (1945), 145 Ohio St. 552, it would appear that the defendant is entitled to know before trial such a basic particular as to whom the sales were allegedly made, *State* v. *Petro* (1947), 148 Ohio St. 473. And absent a claim by the state of some substance, the defendant should promptly be apprised of the basic particulars surrounding an alleged offense. Further it is apparent that at the time of trial the identity of the alleged purchaser will be revealed, even if the court would not now grant the motion of the defendant. The evil which the state seeks to avoid would then be a reality.

The problem thus presented to the court is how to protect the rights of an accused to a fair trial without impairing the right of society to bring criminals to justice. Although at times it may appear that these rights are antagonistic, the issue presented here seems capable of solution without great violence to the rights of either the accused or society.

It is the opinion of the court that the state should be required to furnish to the defendant the information requested in the first, second and fifth branches of the motion, twenty-four days before trial. This should provide the defendant ample time to complete the preparation of his defense. At that time the state will have to decide if the benefits of nondisclosure exceed the benefits of the prosecution of this defendant. This procedure appears to be constitutionally permissible under the holding in *United States* v. *Lamar*, 337 F. 2d 337 (6th Cir. 1964), wherein the court ruled that where the names of the alleged purchasers of narcotics were given to the defendant twenty-four days before trial there was no violation of the defendant's constitutional rights.