Lawrence **WHITTINGTON**, Plaintiff,
v.
**SEWER CONSTRUCTION COMPANY,
INC.**, Defendant.
Civ. A. No. 72-304-CH.

United States District Court,
S. D. West Virginia,
Charleston Division.

Dec. 18, 1973.

Thomas E. McHugh, Charleston, W. Va., for plaintiff.

Henry C. Bias, Jr., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This action is before the Court at this time on defendant's motion to dismiss. Plaintiff's complaint asserts that the action is within the Court's admiralty and maritime jurisdiction. Defendant's motion denies admiralty jurisdiction exists. Examination of the record is warranted.

Plaintiff, Lawrence Whittington, age 50 years, was injured when he fell from a winch line swinging beneath the Washington Street bridge at Charleston, West Virginia, onto a barge moored on Elk River beneath the bridge. Defendant does not question the allegation that the Elk River is a navigable stream at this point and that the barge was a vessel in navigation. Defendant's motion asserts that plaintiff at the time "was engaged in laboring activities in the demolition of said bridge and was in no way connected or affiliated with the use, movement or operation of a navigable vessel" and that plaintiff's connection with the vessel "was a casual relation which bore no direct relation to either navigation or commerce, with the result that admiralty jurisdiction does not exist."

The complaint asserts that plaintiff "was employed on said barge by the de-

fendant performing the work of a deck-hand and seaman" and that "while the plaintiff was a member of the crew of said barge working on the Elk River . . . as an able bodied seaman" he fell and was injured as a result of defendant's negligence. The record discloses that plaintiff did fall and was injured and points to negligence of the defendant. The discovery deposition of plaintiff discloses that he was employed by defendant about November 1, 1971, as a "crane and backhoe operator". He was working with other men on demolition of the Washington Street bridge. On his first day at work he operated a crane on a barge on the river for about two hours and then worked on the bridge, using a pick, shovel, jack-hammer, sledge hammer and other tools tearing up the road bed on the bridge. On November 17, 1971, the day before he was injured, he was lowered by a winch line through a hole in the bridge floor to a moored barge on the river onto which dismantled steel and other materials from the bridge structure were loaded. One other man worked with him in the loading operations on the barge. The next day, November 18, 1971, as he was being lowered through the hole in the bridge, the hook on the winch line caught on the flange of the steel structure of the bridge and threw off the eye of the choker line on which plaintiff was riding, releasing the choker and causing plaintiff to fall some 30 feet onto the barge below, landing on the dismantled steel and other materials thereon. His head was greatly injured and his arms were both broken. Near the end of his deposition plaintiff states it was his understanding he was employed on the job as a skilled operator and soon became a laborer but at no time did he understand he was to work on a boat.

■■ The principal issue is whether the Court has jurisdiction of the action. The Court in proper cases has general admiralty and maritime jurisdiction under 28 U.S.C., § 1333. The Jones Act, 46 U.S.C., § 688, provides jurisdiction in cases involving injuries to or death of seamen. Historically unseaworthiness of a vessel provides seamen bases for recovery. The State of Maryland, 85 F.2d 944 (4th Cir. 1936). Norris, Maritime Personal Injuries, Sections 27–30 (1959). A preliminary issue is whether plaintiff in the present case was a seaman at the time he fell and suffered injuries. The complaint asserts that plaintiff was a seaman and was a member of the crew of the barge. Normally three requirements must be met in order for a person to qualify as a seaman or member of a crew in admiralty and maritime litigation. The vessel must be in navigation, the person must have a more or less permanent connection with the vessel, and the person must be aboard primarily to aid in navigation. Bellomy v. Union Concrete Pipe Co., 297 F.Supp. 261, 264 (S.D.W.Va.1969); Hill v. Diamond, 203 F.Supp. 877 (E.D.Va.1962), affirmed, 311 F.2d 789 (4th Cir. 1962).

■■ The record in the case now before the Court, particularly plaintiff's own deposition, discloses that plaintiff was employed as a crane operator and laborer in the demolition of a bridge. His primary work was on the bridge, not an instrument or structure in navigation. The tort or wrong or negligence which resulted in his injury was committed on the bridge. He fell onto the barge with which he had no permanent relation or connection. He was not a member of a barge crew aboard in aid of navigation. Unseaworthiness of the barge was not the cause of his injuries. Executive Jet Aviation v. City of Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L. Ed.2d 454 (1972); Onley v. South Carolina Electric & Gas Co., 488 F.2d 758, Court of Appeals, Fourth Circuit, decision of December 7, 1973. See also McCown v. Humble Oil & Refining Company, 405 F.2d 596 (4th Cir. 1969), and Moore v. Ashland Oil and Refining Company, 322 F.Supp. 637 (S.D.W.Va.1971). The wrong which caused the injury must bear some significant relationship to admiralty activity in order to invoke the admiralty and maritime jurisdiction

of this Court. Executive Jet Aviation, *supra*, 409 U.S. at page 268, 93 S.Ct. 493. *Judicial imagination, despite the creative language in the complaint, is not sufficiently elastic to transform plaintiff, a laborer on a bridge demolition job, into a seaman or member of a barge crew in order to satisfy admiralty and maritime jurisdictional requirements.*

In addition to the allegations in the complaint, as above quoted and referenced, memoranda presented by plaintiff's counsel to the Court assert that plaintiff was "performing the services of a seaman" and that the negligence of defendant was in "failing to provide proper ingress and egress into the barge." At one point in their brief plaintiff's counsel state: "A review of his (plaintiff's) deposition reveals that a substantial part of his work was performed on the barge in that he had the duty to assist in placing the dismantled portions of the bridge onto the barge and the function of the barge was to remove such dismantled portions." The deposition in fact discloses that plaintiff worked a part of one day on the barge and was to be lowered to the barge the next day when he fell and was injured. Counsel cite Kimble v. Noble Drilling Corporation, 416 F.2d 847 (5th Cir. 1969), which in turn cites Offshore Co. v. Robison, 266 F.2d 769 (5th Cir. 1959), relating to factual situations not comparable to the present case.

 While allegations in a complaint will be construed in favor of plaintiff (61 Am.Jur.2d, Pleading, § 227), if jurisdictional allegations are challenged, the plaintiff has the burden of proof to sustain his position. Wright, Law of Federal Courts, § 69; Wright and Miller, Federal Practice and Procedure, § 1363. Plaintiff's deposition does not sustain his position on jurisdiction, and generalizations and conclusions in the complaint and in memoranda presented by counsel do not sustain the burden of proof placed on plaintiff by defendant's motion to dismiss.

Upon careful review of the entire record in this action, including the deposition of plaintiff, together with the memoranda presented by counsel, the Court finds and concludes that plaintiff is not a seaman or member of a crew of the barge in the context of the action as here presented, that the Court does not have jurisdiction of the action under admiralty or maritime laws as stated in plaintiff's complaint, and that defendant's motion to dismiss the action for want of jurisdiction in the Court must be granted.