### FRANKEL v. BETHLEHEM–FAIRFIELD SHIPYARD, Inc.

No. 5007.

Circuit Court of Appeals, Fourth Circuit.

Dec. 26, 1942.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

I. Duke Avnet and Wm. Taft Feldman, both of Baltimore, Md., for appellant.

Robert E. Coughlan, Jr., of Baltimore, Md., for appellee.

DOBIE, Circuit Judge.

This is an appeal by Lloyd Frankel, plaintiff below, from an order sustaining a motion to dismiss his complaint filed as a seaman under the Jones Act, 46 U.S.C.A. § 688. Frankel sought damages for personal injuries arising in the course of his employment by the defendant, Bethlehem-Fairfield Shipyard, Inc., while he was working on the "Liberty" vessel S. S. Patrick Henry. At the time of the accident, the vessel, lying in navigable waters in the port of Baltimore, had been launched but not fully completed or commissioned.

The material facts in the case are not in dispute and were thus succinctly summarized by the court below:

"The defendant is a Maryland corporation engaged largely in shipbuilding. At the time of the injury to the plaintiff he was employed by the defendant as a 'handy man' on one of the New Liberty ships, being built by the defendant. This ship had been launched and was lying in navigable waters in the Port of Baltimore, Maryland, *but had not been completed.* The plaintiff was engaged in installing machinery and equipment in the ship and was particularly occupied at the time of his injuries in assisting in installing dynamos in the engine room of the vessel. He alleges that his injury was due to the negligence of the defendant in failing to provide adequate protection and equipment on the platform on which he was working, in consequence of which he fell therefrom and was permanently injured. The accident occurred on or about October 14, 1941. Thereafter he filed a claim with the Maryland State Industrial Accident Commission claiming the benefits of the State Workmen's Compensation Act, Code Md.1939, art. 101, § 1 et seq. The Commission has, passed what is said to be an ex parte formal order awarding him compensation at the rate of $20 per week accounting from November 2, 1941; but it is said that no adversary hearing has yet been held by the Commission in the case, and the plaintiff has not yet accepted any compensation. The defendant carries workmen's compensation insurance as required by the Maryland statute. The suit in this case was filed by the plaintiff on May 28, 1942."

Upon the foregoing facts the lower court held (1) that a shipyard employee who is assisting in the commissioning of a launched but incompleted vessel·lying in navigable waters is not a seaman within the meaning of the Jones Act, and (2) that the federal admiralty jurisdiction does not apply to injuries sustained by an employee while working on such a vessel. Accordingly, the defendant's motion to dismiss the complaint was sustained. The plaintiff has duly appealed to this Court and we affirm the judgment of the lower court on the first ground set out above.

■ Plaintiff's complaint was properly dismissed on the ground that he was not a "seaman" within the meaning of the Jones Act, inasmuch as he was not engaged in maritime employment at the time of the accident. London Guarantee & Accident Co. v. Industrial Accident Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L.Ed. 632. It is true that the Jones Act is broad, and the rule of interpretation is liberal as to who is a seaman under the Act. Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254; Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L. Ed. 732; Robinson on Admiralty (1939) 318 et seq. But it is fallacious to assume that whenever a tort occurs on navigable waters, the person injured may automatically avail himself of the Jones Act.

■ Counsel for the plaintiff, however, strenuously contends that there is no difference, for practical purposes, between a man who is injured while working on an incompleted vessel lying in navigable waters, and a man injured while working on a completed vessel in navigable waters. We do not regard this difference as slight and meaningless in the light of two important factors. In the first place, a contract to build a vessel is non-maritime in nature. Robinson on Admiralty (1939) 162–165; Peoples Ferry Co. v. Beers, 20 How. 393, 15 L.Ed. 961. As stated by the Supreme Court:

"Under decisions of this court the settled rule is that a contract for the complete construction of a ship or supplying materials therefor is nonmaritime, and not within the admiralty jurisdiction." Thames Towboat Co. v. The Francis McDonald, 254 U.S. 242, 243, 41 S.Ct. 65, 66, 65 L.Ed. 245.

Moreover: "Whether the character of the contract is maritime or not may also give maritime flavor to injuries sustained in and about its performance." Robinson on Admiralty (1939) 170.

Accordingly, since a contract for the building of a ship is non-maritime in character, a tort arising out of work on a launched but incompleted vessel also lacks maritime flavor, despite the fact that the vessel is lying in navigable waters. Furthermore, an incompleted vessel has yet to take her place in commerce and navigation; whereas a vessel which has been commissioned and taken into navigation and commerce remains in that status even when coming into a dock and undergoing certain repairs.

For these reasons, we do not feel that the plaintiff was a seaman within the meaning of the Jones Act, since he was not a

member of the crew and his duties had no direct relation to navigation. He was merely working on an incompleted structure which was being erected under a non-maritime contract. This structure had not as yet been identified as a part of commerce and navigation. This is in accord with our ruling in United States Casualty Co. v. Taylor, 64 F.2d 521, 524, 525, certiorari denied 290 U.S. 639, 54 S.Ct. 56, 78 L.Ed. 555, where the employee was similarly injured while "engaged upon navigable waters in the completion of a new ship launched but not quite finished or placed in navigation as an instrumentality of commerce. Such work is not maritime in the accepted meaning of that term. * * * [The] state has the power to provide compensation for injuries suffered by a workman employed in the construction of a vessel afloat on navigable waters."

In Grant Smith-Porter Ship Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 66 L.Ed. 321, 25 A.L.R. 1008, the Supreme Court eliminated from the field of federal admiralty jurisdiction certain matters of "local" concern which, though occurring upon the navigable waters of the United States, are allowed diversity of treatment by the respective state compensation laws. The rationale of this doctrine is that purely "local" matters are involved, so that to give effect to the applicable state law will not interfere with the uniformity of the general maritime law. London Guarantee & Accident Co. v. Industrial Accident Commission, 279 U.S. 109, 49 S.Ct. 296, 73 L. Ed. 632.

It is true that the controlling facts in the instant case are precisely the same as those in the Rohde decision, supra, with the single exception that there the force of the state law was optional in that it became inapplicable if both the employer and the employee notified the proper state authorities that they did not wish it to apply to them. However, although the Rohde case was decided in 1922, a year and a half after the passage of the Jones Act, the injury occurred before the enactment of the statute so that the decision dealt with the pre-existing law and not the provisions of the Act. And we are unaware of any decision of the Supreme Court involving an injury arising from work on an incompleted vessel in maritime waters wherein a claim was made under the Jones Act.

In the view we take of the instant case, plaintiff's complaint was properly dismissed on the ground that he is not a seaman within the scope of the Jones Act. It is therefore unnecessary for us to decide at this time whether through express provision therefor, the Jones Act can constitutionally be applied by Congress to a person engaged in the construction of an incompleted vessel. Cf. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 87 L.Ed. 1638; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430. We do think, however, that the decision in the Rohde case lends some support to our view that Frankel was not a seaman within the purview of the Jones Act.

Accordingly, the judgment of the District Court is affirmed.

Affirmed.