Clarence **GARCIA**, Plaintiff-Appellant,

v.

**AMERICAN MARINE CORPORATION**
and Tidex, Inc., Defendants-
Appellees.

No. 29640

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1970.

Roy F. Amedee, Jr., New Orleans, La., for plaintiff-appellant.

* [1]  Rule 18, 5th Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

David R. Normann, Normann & Normann, New Orleans, La., for Tidex, Inc.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In this personal injury action based upon alleged negligence and unseaworthiness, plaintiff-appellant Clarence Garcia appeals from an order granting summary judgment in favor of defendants-appellees, American Marine Corporation (herein after AMC) and Tidex, Inc. He contests the determination of the court below that there was no material issue of fact as to the status of the M/V WARRIE TIDE.[1] We affirm.

The essential facts are these: appellant Garcia was employed by appellee AMC as a shipyard worker and was engaged in the construction of the M/V WARRIE TIDE for appellee Tidex. In the course of his work on the WARRIE TIDE, appellant claimed that he suffered acoustic trauma resulting in partial loss of hearing. After due consideration the court granted appellees' motion for summary judgment dismissing appellant's cause of action. At the hearing appellees submitted a thorough brief supported by three affidavits. Counsel for appellant submitted no controverting affidavits, and the record reveals no answering brief.

Appellees' uncontroverted affidavits clearly show that a master carpenter's certificate was not issued until more than three weeks after the date of the alleged injury;[2] and that at the time of the alleged injury the vessel was by no means completed.[3] Appellees' motion for summary judgment was based on the grounds that on the date of the accident the WARRIE TIDE was neither a "vessel" nor a completed ship in that it had no means of self-propulsion or navigation and was still under construction. These facts are undisputed in the record. The action by the trial court granting the motion for summary judgment was entirely correct.[4] To controvert a proper

---

1. Appellant's sole specification of error is as follows:

   The Court erred in decreeing that there was no genuine issue and no question of fact as to whether or not the M/V WARRIE TIDE was a vessel in navigation.

2. Affidavit of Leslie B. Durant, President of AMC. A master carpenter's certificate is a prerequisite to the enrollment and registry of a vessel; it is executed only upon completion of a vessel.

3. We quote from the affidavit of William P. Trammel, Chief Estimator of AMC: On January 12, 1968 [the date of injury], the M/V WARRIE TIDE * * * was not a completed vessel, had no crew, was not capable of self-locomotion, and could not have sailed. The engines on the WARRIE TIDE were installed but were not connected and could not have been activated. No crew was aboard or assigned to her. Installation of piping, electric cables, and wiring for power had not been completed and substantial work was required before the WARRIE TIDE could be inspected and enrolled. * * * On January 12, 1968, work [in progress] on the WARRIE TIDE included: Installation of engine room floor supports, engine control lines, rudder angle indicator, and pumps, alignment of the main engine; installation and work on pipe hangers, ballast piping, air piping and engine cooling and lube oil piping; installation and work on electric cable hangers, electric cables and wiring for power; welding of steering, steering gear sheaves, mud piping, ballast piping, air tanks, tank vents, and bilge piping; work on engine expansion tanks and the forward mast by shipfitters, and work on the aft mast, lube oil storage tanks, fitting and pressure set by outfitters.

4. Alfred v. M/V Margaret Lykes, 398 F.2d 684 (5th Cir. 1968). The facts in that case are substantially the same as those at hand. Plaintiff-appellant there sued for wrongful death as an in personam libel against the shipyard employer of the deceased and as an in rem action against the ship on which decedent was working at the time of his fatal accident. The undisputed facts showed that the vessel had not been completed at the time of the accident. After careful consideration of the relevant authority, which we need not repeat here, we affirmed a summary judgment for defendants.

   The warranty of seaworthiness extends to a shore based worker * * * only

motion for summary judgment, a party may not rest upon allegations and denials in his pleadings; he must set forth specific facts showing a genuine issue for trial.[5] Garcia did not do so and therefore may not complain on appeal of the trial court's action.[6]

■■■ Counsel for appellant attempts to rectify his manifest failure to controvert the facts at the proper time by affixing to his brief [7] a "supplemental and amending affidavit" executed by Garcia, and stating that, "to the best of his knowledge the engines, propellers, and shafts were installed on this boat and it was capable of moving under its own power and as a matter of fact it was taken to the Yacht harbor for final inspection just a day or two after he was injured." It is fundamental that facts not presented at trial may not be asserted on appeal. Any action on appeal can be properly based only on matters considered at trial; this court may not therefore, reverse a trial court on the basis of facts not in the record.[8] Garcia's belated submission of an affidavit is nothing more than an improper attempt to have this court consider matters dehors the record.[9]

Affirmed.

at a time when the vessel is ready for sea * * * Appellant's exclusive remedy [against the shipyard] is under the Longshoremen's and Harbor Worker's Compensation Act, and she has no remedy against [the ship] or her claimant (owner) * * * in these in rem proceedings.
398 F.2d at 686.

5. Fed.R.Civ.P. 56(e); C. Wright, Federal Courts § 99, at 444 (2d ed. 1970).

6. We express no opinion whether appellant could seek relief in the district court under Fed.R.Civ.P. 60(b).

7. Counsel, in his brief, at page 3, speaks of "the *affidavit and* supplemental and amending affidavit." This apparent reference to two documents led this court to embark upon a fruitless and time-consuming search for the first affidavit. Inquiry about the affidavit was made of the Clerk of this court who then made inquiry of the Clerk of the district court, but no such document was in the files.

Ultimately, our clerk's office contacted the attorney for appellant who admitted that there was in fact only one document. At best, these circumstances reveal carelessness in the preparation of appellant's brief. Such practice is hereby disapproved.

8. Cox v. Northwest Airlines, Inc., 379 F. 2d 893, 896–897 (7th Cir. 1967), cert. den. 389 U.S. 1044, 88 S.Ct. 788, 19 L.Ed.2d 836 (1968); Creamette Co. v. Merlino, 289 F.2d 569, 570 (9th Cir. 1961); Capella v. Zurich General Accident Liability Insurance Co., 194 F.2d 558, 560 (5th Cir. 1952); *cf.* Barrett v. Browning Arms Co., 433 F.2d 141 [5th Cir., Aug. 6, 1970]; Sid W. Richardson Foundation v. United States, 430 F.2d 710 (5th Cir. 1970).

9. Stearns v. Hertz Corp., 326 F.2d 405 (8th Cir.), cert. den. 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); Marion County Co-Op. Ass'n v. Carnation Co., 214 F.2d 557 (8th Cir. 1954).