Steven HOLLISTER,
Plaintiff-Appellant,

v.

LUKE CONSTRUCTION CO. et al.,
Defendants-Appellees.

No. 75–1841
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1975.

Larry P. Boudreaux, Thibodaux, La., for plaintiff-appellant.

James C. Walker, Jr., Houma, La., for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

On June 10, 1973, plaintiff Hollister sustained a back injury while employed by defendant Luke Construction Company [Luke] as a welder upon a barge owned by La-Tex Gulf Drilling Corpora-

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

tion. Hollister subsequently brought this action in federal district court, seeking benefits under the Jones Act, 46 U.S.C. § 688,[1] as well as on a theory of unseaworthiness and under the general maritime law. Luke filed a motion for summary judgment which was granted by the district court as to Luke and its liability insurer; Hollister appeals. Luke contends—and the district court agreed—that the barge was not a vessel in navigation at the time of plaintiff's injury, so that Hollister cannot recover under any of the three theories at issue, and his remedies, if any, are under either the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905, or state compensation laws. Although plaintiff and defendants disagree as to whether the injury occurred on the barge or on dry land, we conclude that even if Hollister was hurt aboard the vessel, he is not entitled to recover on any of the theories here advanced. We affirm.

■ At the time of the accident, the barge in question was moored in a slip at Houma, Louisiana, where Luke was constructing upon it a drilling rig, living quarters and other appurtenances necessary to the operation of the barge as a drilling platform in the Gulf of Mexico. Although the bare hull of the barge had been completed in early March, 1973, in Harvey, Louisiana, and had been towed to Houma on March 13 for further construction, Luke did not complete its work on the barge until December, 1973, and the vessel was not enrolled and licensed with the United States Coast Guard until June 1, 1974. As Chief Judge Brown said in Williams v. Avondale Shipyards, Inc., 5 Cir. 1971, 452 F.2d 955, 958, "[f]or there to be a seaman [for the purposes of the Jones Act], there must first be a ship. And an incompleted vessel not yet delivered by the builder is not such a ship." We do not believe that the barge on which plaintiff's injury allegedly oc-

curred can be construed to be a vessel "in navigation" as required by the Jones Act, for although the barge was afloat on June 10, 1973, it was still under construction and was not yet "an instrument of commerce and transportation on navigable waters." *See* Williams v. Avondale Shipyards, Inc., *supra*, 452 F.2d at 958; Norris, Law of Seamen § 664. We therefore conclude that the district court correctly found that plaintiff could not recover on the basis of the Jones Act, and that summary judgment was proper as to that count.

■ With respect to the question of unseaworthiness, Luke cannot be said to have owed a warranty of seaworthiness to anyone while the barge was under construction. At the risk of belaboring the legally obvious, we do not see how Luke could have warranted that an incompleted vessel was in fact completed, fit and seaworthy. *See* Williams v. Avondale Shipyards, Inc., *supra*, 452 F.2d at 957; Garcia v. American Marine Corp., 5 Cir. 1970, 432 F.2d 6, 7; Alfred v. M/V Margaret Lykes, 5 Cir. 1968, 398 F.2d 684, 686; Rogers v. M/V Ralph Bollinger, E.D.La.1968, 279 F.Supp. 92, 95. It follows that summary judgment was proper as to plaintiff's unseaworthiness claim.

■ Finally, although it is not necessary that a vessel be "in navigation" for a claim based upon general maritime negligence to arise in connection therewith, Williams v. Avondale Shipyards, Inc., *supra*, 452 F.2d at 959 n. 6, it is also true that "since a contract for the building of a ship is non-maritime in character, a tort arising out of work on a launched but incompleted vessel also lacks maritime flavor." Frankel v. Bethlehem-Fairfield Shipyard, Inc., 4 Cir. 1942, 132 F.2d 634, cert. denied, 1943, 319 U.S. 746, 63 S.Ct. 1030, 87 L.Ed. 1702. *See* Alfred v. M/V Margaret Lykes, *supra*, 398 F.2d at 685, Rogers v. M/V Ralph Bollinger, *supra*, 279 F.Supp. at

---

1. 46 U.S.C. § 688 provides, in pertinent part, that: Any seaman who shall suffer personal injury in the course of his employment may . . . maintain an action for damages at law . . . . .

95. The fact that the barge here was only partially completed at the time of plaintiff's injury is thus dispositive of his claim based on Luke's alleged maritime negligence. *See* Garcia v. American Marine Corp., *supra*, 432 F.2d at 7; Alfred v. M/V Margaret Lykes, *supra*, 398 F.2d at 685. The district court correctly granted summary judgment on that claim as well as on the others.

Affirmed.