Frank R. DiLORENZO

v.

ROBERT E. LEE, INC.

Civ. A. No. 75–2256.

United States District Court,
E. D. Louisiana.

May 14, 1976.

Michael E. Coney, Darryl J. Tschirn, Metairie, La., for plaintiff.

James L. Wheeler, Wheeler & Wheeler, New Orleans, La., for defendant.

HEEBE, Chief Judge:

Plaintiff DiLorenzo alleges that he was injured on March 25, 1975 while working aboard the Steamer NATCHEZ. The vessel was being built at the Bergeron Shipyard for defendant Robert E. Lee, Inc. At the time of the accident plaintiff was in the employ of TEMCO Division of Westinghouse Electric Corporation, a contractor employed in the construction of the NATCHEZ.

Plaintiff's suit is against the vessel owner, Robert E. Lee, Inc., based solely on maritime negligence. It is now before this Court on defendant's motion for summary judgment. Because the vessel was possibly "under construction" at the time of plaintiff's alleged accident, both parties have narrowed the issue to the question of whether or not the vessel was "completed" or "incompleted" at the time of the alleged accident. See *Hollister v. Luke Construction Co.*, 517 F.2d 920, 921 (5th Cir. 1975). In fact, the relevant language from the *Hollister* case which defendant relies on reads:

> "Finally, although it is not necessary that a vessel be 'in navigation' for a claim based upon general maritime negligence to arise in connection therewith, . . . it is also true that 'since a contract for the building of a ship is non-maritime in character, a tort arising out of work on a launched but incompleted vessel also lacks maritime flavor.' . . . The fact that the barge here was only partially completed at the time of plaintiff's injury is thus dispositive of his claim based on Luke's alleged maritime negligence." (Supra at 921–922).

The injury to plaintiff Hollister occurred on June 10, 1973 and, as in the case before us, was subsequent to the effective date (November 27, 1972) of the amendment to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. However, the *Hollister* case does not raise or discuss the effect of the amendment on cases involving shipbuilding-related injuries. In addition, unlike the case before us, the *Hollister* case involved a suit by an employee against his employer. The Court in *Hollister* did hold, though, that Hollister's remedies, if any, were under the Longshoremen's and Harbor Workers' Compensation Act or state compensation laws. We think that here, too, DiLorenzo's remedies, if any, are under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 902(3) and 905(b), as amended. Section 902(3) of the

Act now provides that "[t]he term 'employee' means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder . . . ." The legislative history behind this amendment indicates that the Committee on Education and Labor, which had the task of recommending amendments to the Act believed:

"That the compensation payable to a longshoreman or a ship repairman or builder should not depend on the fortuitous circumstance of whether the injury occurred on land or over water. Accordingly, the bill would amend the Act to provide coverage of longshoremen, harbor workers, ship repairmen, ship builders, shipbreakers, *and other employees engaged in maritime employment* . . . if the injury occurred . . . upon the navigable waters of the United States . . . . (Emphasis added.) 1972 U.S. Code Cong. and Adm.News p. 4698, 4708.

Thus it would appear that Congress has decided to include employees who engage in shipbuilding work in that group of persons who are to be considered maritime employees. This is the position taken in 1A Benedict on Admiralty, § 18 at 2–7 (7th ed. 1973):

" . . . the Act now specifically includes within the meaning of the term employee persons who might not otherwise have been held to be maritime workers.[2]

[2] Harbor workers and shipbuilders who are employed in construction of a new ship."

■ Section 905(b) of the Act now provides that "[i]n the event of injury *to a person covered under this chapter* caused by the negligence of a vessel, then such person . . . may bring an action against such vessel . . . ." (Emphasis added.) Plaintiff alleges that the vessel he was working on had been launched and was in navigable water. He further states that the vessel's crew were aboard the vessel at the time of his injury and, further, that it

was the negligent act of the vessel's captain in throwing fuel oil on the deck which caused his accident and resulting injury. We think that these allegations state a cause of action as " . . . there is nothing in the Act to deprive the employee by reason of the statutory provisions of compensation, of his right to pursue his remedies against third parties who may be liable to him for the injury caused." 1A *Benedict on Admiralty*, § 28 at 2–26 (7th ed. 1973). There are a few exceptions to this provision. One is pointed out in the legislative history to the amendment in that " . . . if the employee were employed by the vessel to provide shipbuilding or repair services and *his injury were caused by the negligence of other persons providing such services to the vessel*, such an action against the vessel would be barred." (Emphasis added.) 1972 U.S.Code Cong. and Adm.News, p. 4698, 4719. Here the plaintiff is not claiming that he was injured by a fellow employee and this limitation, therefore, does not apply. The second limitation is that under the amended Act the only action permitted is one based on negligence but no longer for unseaworthiness of the vessel. 1A *Benedict on Admiralty*, § 28 at 2–26 (7th ed. 1973). We have already pointed out that plaintiff is alleging that defendant was negligent. For the foregoing reasons, this Court is of the opinion that defendant is not entitled to summary judgment.

■ Technically, plaintiff's complaint is deficient in that its jurisdictional allegation states that the action arises under "General Maritime Law." The allegation should of course base jurisdiction under 33 U.S.C.A. § 901 et seq. However, this should not be fatal to plaintiff's complaint and the Court feels that an appropriate amendment should be allowed. Wright, *Law of Federal Courts*, § 69 at 290–291 (2d ed. 1970).

Accordingly,

IT IS THE ORDER OF THE COURT that the motion of defendant, Robert E. Lee, Inc., be, and the same is hereby DENIED.

IT IS THE FURTHER ORDER OF THE COURT that the plaintiff be and he is hereby, GRANTED twenty days to amend his complaint to properly state the basis for this Court's jurisdiction.