IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-60675
Summary Calendar

GEORGE CASAS, also known as Jorge

Plaintiff - Appellant

v.

U S JOINER, L.L.C.

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CV-127

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

George Casas appeals from a summary judgment dismissing his maritime and state law tort claims against U.S. Joiner, LLC. Finding no reversible error, we AFFIRM.

Casas, an employee of Land Coast Insulation, Inc., tripped, fell, and was injured while installing insulation in a compartment of an amphibious transport dock (LPD-19) under construction in Northrup Grumman's Pascagoula,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60675

Mississippi shipyard.  Northrup Grumman had subcontracted with U.S. Joiner to complete the LPD-19's interior, and, in turn, U.S. Joiner subcontracted with Land Coast to install insulation.  Casas fell while walking on the compartment's unfinished floor, which consisted of metal beams placed two feet apart and raised twelve to eighteen inches off of the ground. Casas allegedly asked a U.S. Joiner employee to supply plywood to temporarily form a flat surface over the beams, but U.S. Joiner negligently provided only two to three plywood sheets and consequently left floor beams exposed.

Casas brought maritime tort claims as well as Mississippi state law tort claims against Northrup Grumman and U.S. Joiner.[1]  The district court granted U.S. Joiner's motion for summary judgment on both claims, finding that the alleged negligence was not significantly related to a traditional maritime activity, as required to sustain a maritime tort claim, and U.S. Joiner owed no duty to Casas.  Casas appeals.

This court reviews a district court's grant of summary judgment *de novo*, applying the same standards as the district court.  *DePree v. Saunders*, 588 F.3d 282, 286 (5th Cir. 2009) (citation omitted).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

---

[1] An initial lawsuit brought by Casas in state court and removed to federal district court was ultimately dismissed for want of jurisdiction, but that procedural history is not relevant to this appeal. Additionally, Casas and Northrup Grumman have settled and those claims are not at issue.

No. 09-60675

*A. Maritime Tort Claim*

28 U.S.C. § 1331(1) gives district courts original jurisdiction over "any civil case of admiralty or maritime jurisdiction." A party seeking to invoke admiralty jurisdiction over a tort claim must show that the tort has (1) a "maritime situs" and (2) a "maritime nexus" (*i.e.*, that the alleged wrong bears a "significant relationship to a traditional maritime activity"). *Taylor v. Kennedy Engine, Inc.*, 861 F.2d 127, 128 (5th Cir. 1988). Maritime situs is conceded. Citing this court's decision in *Hollister v. Luke Constr. Co.*, 517 F.2d 920 (5th Cir. 1975) (per curiam), the district court found that Casas's tort claim had no maritime nexus because U.S. Joiner's alleged negligence arose in the context of shipbuilding, which is not a maritime activity. Casas argues that the activity that caused his injury bore a significant relationship to maritime activity because his work on the LPD-19 was necessary for the vessel to accomplish its purpose and essentially asks us to ignore the "flawed logic" of *Hollister*. *Hollister* has been repeatedly relied upon by this court. *See Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 298 (5th Cir. 2008) (noting the "historical tradition that vessels under construction give rise to neither a maritime contract nor a maritime tort"); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1187 (5th Cir. 1984) (rejecting admiralty jurisdiction and citing *Hollister* for the proposition "that an injury to a ship construction worker on board a ship under construction and lying in navigable waters is not a maritime tort"); *see also Owens-Illinois, Inc. v. U.S. Dist. Court for the W. Dist. of Wash.*, 698 F.2d 967, 970 (9th Cir. 1983) (tort claims arising from asbestos exposure during new ship construction do not bear a significant relationship to traditional maritime activity); *Keene Corp. v. U.S.*, 700 F.2d 836, 844 (2d Cir. 1983) ("a tort arising out of work on an uncompleted

vessel has been held to fall outside admiralty jurisdiction."). This panel lacks authority to overrule circuit precedent. *Teague v. City of Flower Mound*, 179 F.3d 377, 383 (5th Cir. 1999).

*B. Mississippi Tort Claim*

To succeed in a negligence action under Mississippi law, a plaintiff must show duty, breach of duty, proximate causation, and injury. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990). The district court held that U.S. Joiner owed no duty to Casas because Land Coast, not U.S. Joiner, exercised control over Casas's work and because Casas's injuries arose out of the work Land Coast contracted to perform. Moreover, the district court determined that any duty of care that U.S. Joiner may have "assumed" by agreeing to supply plywood did not remain intact because Land Coast and Casas had knowledge of the dangerous condition of the LPD-19 compartment's floor.

Mississippi law imposes a duty on a premises owner to its business invitees to keep the premises in reasonably safe condition. *Jones v. James Reeves Contractors, Inc.*, 701 So. 2d 774, 782 (Miss. 1997). However, when the business invitee is an independent contractor, a premises owner owes no duty to protect the contractor or its employees from risks "arising from or intimately connected with defects of the premises . . . which the independent contractor has undertaken to repair." *Id.* Nor does a premises owner owe a duty to an independent contractor who has the "right and fact of control over the premises and the nature and details of the work." *Id.* (quoting *Magee v. Transcon. Gas Pipeline Corp.*, 551 So. 2d 182, 185 (Miss. 1989)). The district court correctly held that Casas presented no evidence that U.S. Joiner owed a duty to the independent contractor, Land Coast, or its employees based on a  the "right of

No. 09-60675

control",  and Casas's injuries were "intimately connected" with Land Coast's work.

Nonetheless, Casas maintains that, by providing plywood sheets at Casas's request, U.S. Joiner undertook to repair the compartment floor's dangerous condition and thereby *assumed* a duty to Land Coast's employees.  A party can assume a duty by conduct where none otherwise exists.  *See Magnolia Constr. Co., Inc. v. Miss. Gulf South Eng'rs, Inc.*, 518 So. 2d 1194, 1201 (Miss. 1988).  However, as the district court correctly recognized, Mississippi law also holds that even if a duty to make premises safe arises, that duty does not "remain intact" if an independent contractor has knowledge of the dangerous condition.  *Hill v. Int'l Paper Co.*, 121 F.3d 168, 175–76 (5th Cir. 1997) (quoting *Jones*, 701 So. 2d at 782).  Land Coast and Casas knew of the condition of the compartment's unfinished floor, as Casas personally complained about the beams and requested plywood from a Land Coast supervisor before he sought help from U.S. Joiner.  Casas argues—without legal support—that an independent contractor's actual knowledge of a dangerous condition only alleviates a duty to *warn*, but the Mississippi Supreme Court described the duty that is eliminated by an independent contractor's knowledge as the duty "to make the premises safe." *Jones*, 701 So. 2d at 782.  Thus, even if U.S. Joiner assumed a duty to make the premises reasonably safe by undertaking to correct the dangerous condition of the compartment floor, Land Coast's and Casas's knowledge of that condition removed the duty.

For the foregoing reasons, the judgment is **AFFIRMED**.