# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30205
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

WILLIAM PAUL CRACE,

> Plaintiff - Appellant

v.

HUNTINGTON INGALLS, INCORPORATED, formerly known as Northrop Grumman Ship Systems, Inc.,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-1986

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Paul Crace appeals the district court's grant of summary judgment in favor of Huntington Ingalls, Incorporated, formerly known as Northrop Grumman Ship Systems, Inc. We affirm.

I.

Huntington Ingalls contracted to build a ship for the United States Navy. Crace worked for a subcontractor responsible for inspecting the ship prior to it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30205

being commissioned and delivered to the Navy. While attempting to inspect a lower compartment on the ship, Crace ducked under a chain, went down a hatch, and began to descend a ladder. He fell from the ladder and was injured.

Crace alleged that Huntington Ingalls defectively designed, constructed, and installed the ladder. He further alleged that Huntington Ingalls negligently installed a locked safety chain that restricted access to the hatch and ladder. Crace claimed that the safety chain forced him to awkwardly duck under the chain to climb down the hatch and ladder, contributing to his fall.

Crace brought claims for negligence under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(b), general maritime law, and state law. The district court held, first, that it lacked jurisdiction over Crace's federal maritime claims because the ship was not a completed vessel at the time of the accident. Second, the district court held that government contractor immunity shielded Huntington Ingalls from liability for Crace's state-law negligence claim for defective design, construction, and installation of the ladder. Third, the district court held that Crace's state-law claim for negligent placement of a safety chain failed because the chain was an open and obvious condition. Crace challenges each of these holdings on appeal.

## II.

We review the district court's grant of summary judgment *de novo*, "applying the same standards as the district court." *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 249 (5th Cir. 2016).

## III.

Crace first argues that the district court erred in holding that the ship on which he was injured was still under construction at the time of the accident. To bring a maritime tort claim, the tort must occur on navigable waters and the alleged wrong must "bear a significant relationship to traditional maritime activity." *Richendollar v. Diamond M Drilling Co.*, 819

2

F.2d 124, 127 (5th Cir. 1987) (en banc). There is no significant nexus to maritime activity if a ship is under construction, because shipbuilding is not a traditional maritime activity. *Cain v. Transocean Offshore USA, Inc.*, 518 F.3d 295, 301-03 (5th Cir. 2008); *Alfred v. MV Margaret Lykes*, 398 F.2d 684, 685 (5th Cir. 1968).

Crace argues that the ship was sufficiently complete at the time of his accident such that it qualifies as a vessel. Although the ship had successfully completed sea trials, it was still being outfitted and inspected prior to final delivery. This court has held that "a structure under construction remains a non-vessel until it is complete and ready for duty upon the sea." *Cain*, 518 F.3d at 301; *see also Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1187 (5th Cir. 1984) (stating that "an injury to a ship construction worker on board a ship under construction and lying in navigable waters is not a maritime tort" (citing *Hollister v. Luke Constr. Co.*, 517 F.2d 920, 921 (5th Cir. 1975)); *Casas v. U.S. Joiner, LLC*, 372 F. App'x 440, 441 (5th Cir. 2010). We affirm the district court's holding that the incomplete ship was not a vessel under maritime law.[1]

Crace next argues that the district court erred in holding that government contractor immunity shielded Huntington Ingalls from liability for Crace's state-law negligence claim for defective design, construction, and installation of the ladder. The district court held that the ladder was designed, built, and placed by Huntington Ingalls in compliance with reasonably precise Navy specifications. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988) (holding that liability for defects in military equipment cannot be imposed under state law when, inter alia, "the United States approved reasonably

---

[1] Crace alternatively asks that this court hold that the Supreme Court's decision in *Stewart v. Dutra Construction Co.*, 543 U.S. 481 (2005), overruled prior Fifth Circuit precedent holding that a ship under construction is not a vessel. As Crace acknowledges, this argument is foreclosed. *See Cain*, 518 F.3d at 301 ("We do not read *Stewart* to change this body of law . . . .").

precise specifications" and "the equipment conformed to those specifications"). While it was Huntington Ingalls that prepared drawings regarding the design and installation of the ladder, it did so in accordance with reasonably precise Navy parameters, and the Navy ultimately approved the drawings and actual placement of the ladder. The district court correctly applied the government contractor immunity defense.

Finally, Crace argues that the district court erred in granting summary judgment to Huntington Ingalls on his negligence claim as to the safety chain. "Under Louisiana law, a defendant generally does not have a duty to protect against that which is obvious and apparent." *Bufkin v. Felipe's La., LLC*, 2014-0288, p. 7 (La. 10/15/14); 171 So. 3d 853, 856. The safety chain was in place so that personnel would not fall through the open hatch in the deck. Crace's testimony demonstrates that to save time, he chose to climb under the locked chain rather than opening it with a key. The risk created by climbing under a chain meant to prevent individuals from falling into a hatch was open and obvious. The district court properly held that Huntington Ingalls had no duty to protect against this open and obvious risk.

IV.

AFFIRMED.