James Franklin **LEWIS, Jr.,**
**Appellant,**

v.

**ROLAND E. TREGO & SONS,**
**Appellee.**

**No. 73–1952.**

United States Court of Appeals,
Fourth Circuit.

Argued April 1, 1974.

Decided Aug. 2, 1974.

---

Joseph F. Lentz, Jr., Baltimore, Md., for appellant.

R. Roger Drechsler, Baltimore, Md. (Raymond J. Cardillo and David D. Pat-ton, Baltimore, Md., on brief), for appellee.

Before BUTZNER, RUSSELL, and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

James Franklin Lewis, Jr., a marine construction worker, appeals from an order dismissing his complaint against his employer, Roland E. Trego & Sons, Inc., for personal injuries he received while working on a moored construction barge in 1969.[1] We affirm the district court's dismissal of Lewis' Jones Act claim, but we vacate that part of the order which dismisses his general maritime claim based on unseaworthiness and remand the case for further proceedings.

Trego, a marine contractor, hired Lewis as a general laborer to work on land and on its pile driver and barges. While working aboard a barge, Lewis was injured by an overturning scaffold that had been erected to enable him and other workmen to place headers atop piles for the construction of a boathouse.

■■ The district court found that Lewis had no seaman's papers and was not assigned to any vessel in Trego's fleet. He rarely accompanied a barge as it was being moved from one job to another. He slept ashore and performed 90 percent of his work on land. He went aboard a vessel only when his construction work required him to be on the water. From these facts, the district court found that Lewis was not sufficiently connected with Trego's barge to be a member of the crew. Since there is evidence to support it, this finding is conclusive. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 258, 60 S. Ct. 544, 84 L.Ed. 732 (1940). Accepting the factual premise that Lewis was not a member of the crew, we approve the court's conclusion that he could not recover under the Jones Act. 46 U.S.C. § 688; Labit v. Carey Salt Co., 421 F.2d 1333 (5th Cir. 1970); Bellomy v. Union

---

1. Trego makes no claim that the case is governed by the 1972 Amendments to the Long-shoremen's and Harbor Workers' Compensation Act, P.L. 92–576, 86 Stat. 1251. (1972).

Concrete Pipe Co., 297 F.Supp. 261 (S. D.W.Va.1969), aff'd per curiam, 420 F. 2d 1382 (4th Cir. 1970); *see* Hill v. Diamond, 311 F.2d 789, 793 (4th Cir. 1962) (dictum).

Lewis' claim of unseaworthiness[2] stands on a different footing. The district court properly recognized that a shore-based employee doing a seaman's work on his employer's vessel in navigation can recover for injuries caused by unseaworthiness, although he is not a member of the crew. Reed v. The S.S. YAKA, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963). The court correctly ruled that the barge was a vessel, Norton v. Warner Co., 321 U.S. 565, 65 S.Ct. 747, 88 L.Ed. 931 (1944), and that it was in navigation while moored in navigable waters to give the workmen access to offshore piling. *Cf.* Senko v. LaCrosse Dredging Co., 352 U.S. 370, 373, 77 S.Ct. 415, 1 L. Ed.2d 404 (1957).

The critical question, therefore, is whether Lewis was doing the work of a seaman aboard the barge. If he was, he is entitled to sue on the warranty of seaworthiness; if not, his suit must be dismissed. *Compare* Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946) *with* United Pilots Ass'n v. Halecki, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (1959). In deciding this issue, we accept the district court's findings of fact and differ only with its legal conclusions.

The district court found: "When the wooden barge was used in connection with defendant's construction work, plaintiff would assist in moving it, handling lines, or otherwise preparing it for its intended use as a floating platform. However, the evidence indicates that such activity was a very small percentage of the total work that plaintiff did for Trego." The evidence also disclosed that in preparing the barge for its in-

tended use, Lewis pumped water from its bilge and carried equipment and building materials aboard. But Lewis was not tending the barge when he was injured. Instead, he was engaged in building a 50′ x 150′ boathouse that required one row of piling on land and three in the water. Because of the depth of the water and the distance from shore, the barge was indispensable for placing headers on the offshore piling. The district court found that "the work then being done by plaintiff was contributing to the mission of such barge, namely its use as a floating platform for the performance of marine construction work." It thereupon found that Lewis was employed to work on the barge "in a capacity contributing to its essential mission and purpose."

There can be no doubt about the adequacy of the evidence to support the court's finding that Lewis was contributing to the barge's essential mission when he was injured. This finding alone appears to establish his status conclusively. One who works aboard a ship in navigation is usually considered to be a seaman if his duties are essential to some purpose of the vessel. Lawrence v. Norfolk Dredging Company, 319 F.2d 805, 808 (4th Cir. 1963); Gahagan Construction Corp. v. Armao, 165 F.2d 301, 305 (1st Cir. 1948). The work need not be in actual aid of navigation. Carumbo v. Cape Cod S.S. Co., 123 F.2d 991, 994 (1st Cir. 1941). The district court, however, held that Lewis' claim was not controlled by these principles.

The court did not consider Lewis' conventional maritime duties to be significant. It recognized that moving a barge, handling lines, pumping bilge, and loading supplies are traditionally seamen's work. *See, e. g.,* Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099 (1946); Jeffrey v. Henderson Bros., 193 F.2d 589, 591

2. Trego asserts that Lewis did not allege a cause of action under the doctrine of unseaworthiness in the second count of his complaint. Lewis, denying any defect, countered with a motion to amend. Without deciding

this issue, the district court "assumed that a proper cause of action has been alleged." We make the same assumption, confident that, if need be, the district court will consider Lewis' pending motion to amend.

(4th Cir. 1951) but held that they formed too little of Lewis' total work to make him a seaman. The Supreme Court, however, has repeatedly held that a person transitorily aboard a vessel is entitled to a warranty of seaworthiness if he is performing the work of a seaman. Seas Shipping Co. v. Sieracki, *supra*; Pope & Talbott, Inc. v. Hawn, 346 U.S. 406, 412, 74 S.Ct. 202, 98 L.Ed. 143 (1953). The fact that 90 percent of Lewis' work was on land does not detract from the maritime nature of his duties afloat.

The district court also pointed out that the boathouse was an extension of the land and that for the purposes of this case it was not a proper subject of admiralty jurisdiction. It reasoned that since "seamen traditionally do not drive piles, build boathouses or construct bulkheads," Lewis was not entitled to the warranty of seaworthiness, but must seek a remedy under appropriate compensation laws.

Certainly, a shore-based worker climbing over the roof of a boathouse could not invoke the maritime warranty of seaworthiness. His remedy would be governed by state law. *Cf.* Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). But Lewis' case does not depend on extending admiralty jurisdiction to the boathouse. The accident occurred on a barge in navigation, and it is the nature of his work there that determines his status. *Cf.* Garrett v. Enso Gutzeit O/Y, 491 F.2d 228 (4th Cir. 1974).

We have held that construction workers on scows or barges who were engaged in building structures which were extensions of land were seamen. Biggs v. Norfolk Dredging Co., 360 F.2d 360, 362 (4th Cir. 1966) (construction laborer putting caps on bridge piles); Summerlin v. Mossman Construction Co., 199 F.2d 715 (4th Cir. 1952) (crane fireman on barge building bridge); Leary Construction Co. v. Matson, 272 F. 461, 463 (4th Cir. 1921) (winchman on pile-driver scow building dock); *see also* Spratley v. Tidewater Construction Co., 238 F.Supp. 650 (E.D.Va.1965) (laborer on barge building bridge). Other courts have reached this conclusion in similar circumstances. See, e.g., Stafford v. Perini Corp., 475 F.2d 507 (1st Cir. 1973) (cement-form carpenter on offshore construction barge); *see also* 1 Norris, The Law of Seamen, §§ 17, 21 (1970). These cases dealt with the application of the Jones Act and the status of the employees as crew members. In this respect, of course, they are not controlling. They illustrate, however, that construction employees working on vessels in bays and harbors are seamen. The work that the successful claimants in these cases performed was indistinguishable from the work that Lewis was doing. Historically, both Congress and courts of admiralty have drawn a distinction between purely terrestrial injuries and those occurring on navigable water. *See* Nacirema Operating Co. v. Johnson, 396 U.S. 212, 222, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969). We find no warrant for considering an injury which took place on a construction vessel in navigable waters as an injury occurring on land either because the structure being built over the water will be an extension of the land or because the injured worker who was assigned a place of work on the vessel normally performed most of his work on land.

In sum, we hold that Lewis cannot recover under the Jones Act because he was not a member of the barge's crew. However, as a land-based worker performing a seaman's work aboard a vessel in navigation, he is entitled to seek recovery for injuries caused by the vessel's unseaworthiness.

The judgment is affirmed in part, vacated in part, and remanded for further proceedings. Lewis shall recover his costs.