William E. **STEPHENSON**

*v.*

**McLEAN CONTRACTING CO., INC.**

Civ. No. JFM–87–587.

United States District Court,
D. Maryland.

April 20, 1988.

Joseph F. Lentz, Jr., Lentz, Hooper, Jacobs and Blevins, P.A., Baltimore, Md., for plaintiff.

William Ryan, Jr., Whiteford, Taylor & Preston, Baltimore, Md., and Lee T. Ellis, Jr., Baker & Hostetler, Beltsville, Md., for defendant.

## MEMORANDUM

MOTZ, District Judge.

■ This is an action brought by William E. Stephenson for injuries which he sustained while working for McLean Contracting Company, Inc. on a bridge construction project on the Choptank River. Plaintiff asserts claims under the Jones Act and under the maritime doctrine of unseaworthiness.[1]

The case has had a somewhat unusual procedural history. Defendant filed a timely motion for summary judgment, contending, *inter alia*, that plaintiff is not a "seaman" entitled to assert Jones Act and unseaworthiness claims. Upon reviewing the memoranda which had been submitted, this Court—while noting that it had substantial doubts concerning the viability of plaintiff's claims—concluded that it could not rule on the record as it was then established that plaintiff was not a seaman. Accordingly, it denied defendant's motion. On April 11, 1988, trial began. After hearing two days of testimony, this Court concluded that plaintiff was himself proving that he was not a seaman and, after taking a proffer from plaintiff's counsel supplementing the summary judgment record, the Court decided to reverse its prior ruling and grant defendant's summary judgment motion. Having made this decision, the Court dismissed the jury and stated that this memorandum would be forthcoming.

Plaintiff was regularly assigned to work on and off the ANNAPOLIS, a crane barge being used as a work platform in connection with the construction of columns supporting the bridge's span. Like similar barges, the ANNAPOLIS is not self propelled but can be moved from one work station to another along the length of its anchor lines. At the time of his injury plaintiff was doing welding work on pilings, not aboard the ANNAPOLIS but in a cofferdam, a box-like work structure surrounding a concrete foundation embedded in the river bottom.[2]

Plaintiff describes his job for defendant as having been one of a "deckhand" on the ANNAPOLIS. In initially ruling upon defendant's summary judgment motion, this Court was unclear as to what plaintiff meant by this term and, giving plaintiff the benefit of all doubt, inferred that plaintiff was claiming that his primary duties at the project site were to assist in transporting men and material in small craft to and from the ANNAPOLIS, to handle lines on the ANNAPOLIS, to assist in moving the ANNAPOLIS along its anchor lines and otherwise to participate in transportation functions incident to the ANNAPOLIS' operation.[3] At trial it became clear that this is not plaintiff's position at all. Rather, it is his position that he was a "deckhand" only in the sense that he, like the other men assigned to the ANNAPOLIS, was furthering the purpose of the crane barge: constructing a bridge. To that end, he performed a variety of duties, including welding, cutting off piling, constructing falsework for the bridge, riding concrete buckets and assisting in the pouring of

---

1. Several days before trial plaintiff submitted a proposed amendment to the pretrial order attempting to assert a claim for maintenance and cure. This Court denied plaintiff leave to assert such a claim because of its extreme untimeliness. It would undermine the purposes of Fed. R.Civ.P. 16 to allow a party to bring an entirely new claim on the very eve of trial after a pretrial conference has been held.

2. On the day of the accident plaintiff had been temporarily assigned to another crane barge, the NEWPORT NEWS, and the cofferdam in

which he was working was adjacent to the NEWPORT NEWS. That fact is not dispositive of the issues here presented.

3. Since the time that the trial was aborted, the Court has re-read the factual portion of plaintiff's summary judgment memorandum. Plaintiff's use of conclusory terms and its selective citation of deposition transcripts suggest that plaintiff was inviting the inference which this Court drew.

concrete and the like. It was only incidental to these duties—the tasks of a bridge construction worker—that plaintiff performed any function relating to the transportation of the ANNAPOLIS.

■ Under Fourth Circuit law there is a three-pronged test for determining whether a worker is a "seaman:" (1) whether he is "more or less permanently attached to a vessel or fleet;" (2) whether the vessel or fleet is "in navigation;" and (3) whether his "duties serve 'naturally and primarily as an aid to navigation' in the broadest sense." *Whittington v. Sewer Construction Co.*, 541 F.2d 427, 436 (4th Cir.1976) (footnotes omitted); *cf. Johnson v. John F. Beasley Construction Co.*, 742 F.2d 1054, 1063 (7th Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1180, 84 L.Ed.2d 328 (1985). For the purpose of ruling upon this motion, this Court assumes that plaintiff was permanently attached to the ANNAPOLIS and that the ANNAPOLIS was in navigation.[4] On the third prong of the test, plaintiff's case fails. Although he may not have been primarily a welder (as argued by defendant), his duties, considered in the aggregate, did not primarily serve as an aid to navigation. He was not primarily engaged in moving the ANNAPOLIS or otherwise contributing to a transportation function of the barge. Nor was he indirectly contributing to the vessel's navigation functions by providing support services to those who were performing them. Rather, the nature and purpose of his activities were to construct a bridge, a job not in aid of navigation.[5]

Plaintiff relies upon *Lewis v. Roland E. Trego & Sons*, 501 F.2d 372 (4th Cir.1974), *Biggs v. Norfolk Dredging Co.*, 360 F.2d 360 (4th Cir.1966), and *Summerlin v. Massman Construction Co.*, 199 F.2d 715 (4th Cir.1952), in which the Fourth Circuit held that a general laborer on a pile driver and barges, a construction laborer putting caps on bridge piles and a crane firemen on a barge building a bridge were, respectively, seamen.[6] These cases were all decided before the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, which extended federal compensation benefits to various harbor workers and drew a clear distinction between harbor workers on the one hand, and seamen, on the other. *See Johnson, supra*, at 1062; *Presley, supra*, at 205. Moreover, they all predate *Whittington* and the three-pronged test which it establishes.

■ For these reasons this Court finds that plaintiff is not a seaman and that he therefore has no viable claim under the Jones Act or under the maritime doctrine of unseaworthiness. It should also be noted, in regard to plaintiff's unseaworthiness claim, that it is undisputed that the cofferdam in which he was working at the time that he was injured was not part of any vessel but was an independent work site at which a crane barge was working. Plaintiff has cited no cases to support an unseaworthiness claim under such circumstances.

A separate order granting defendant's motion for summary judgment is being entered herewith.

---

4. As to the requirement that a vessel be in navigation, this Court has previously ruled that a crane barge like the ANNAPOLIS which is being used for a land-based construction project and which is capable of movement only along its own anchor lines is not "in navigation." *See Presley v. Healy Tibbits Construction Co.*, 646 F.Supp. 203, 206 (D.Md.1986). The theory of that holding was that, in order to be "in navigation," a vessel must be performing the function of transporting people or things in commerce. Since this Court also held in *Presley* that plaintiff's duties were not primarily in aid of navigation, its ruling that the crane barge was not in navigation was not necessary to its decision. It may also have been erroneous. *See Johnson, supra*, at 1063.

5. This Court need not reach here the question of whether a worker aboard a dredge who is not directly engaged primarily in transportation functions nevertheless has duties primarily in aid of navigation since the opening of sea channels is itself in aid of navigation. *Cf. Presley, supra*, at 206.

6. In *Lewis* the finding of seaman status was made in connection with an unseaworthiness claim. Plaintiff was found not to be entitled to a Jones Act remedy because he was not permanently assigned to a vessel in navigation.

## ORDER

For the reasons stated in the memorandum entered herein, it is this 20th day of April 1988

ORDERED

1. Defendant's motion for summary judgment is granted; and

2. Judgment is entered on behalf of defendant against plaintiff.