**William E. STEPHENSON, Plaintiff–Appellant,**

v.

**McLEAN CONTRACTING COMPANY, INC., Defendant–Appellee.**

No. 88–2805.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 2, 1988.

Decided Dec. 23, 1988.

Rehearing and Rehearing En Banc Denied Feb. 2, 1989.

Joseph Francis Lentz, Jr., for plaintiff-appellant.

Thomas G. Young, III (William F. Ryan, Jr., Kathleen M. Boucher, Whiteford, Taylor & Preston, on brief), for defendant-appellee.

Before WINTER, Chief Judge, and WIDENER and MURNAGHAN, Circuit Judges.

PER CURIAM:

William E. Stephenson appeals a district court order finding that he has no viable claim under the Jones Act, 46 U.S.C.App. § 688(a), or under the maritime doctrine of unseaworthiness for an injury which he incurred while constructing a bridge over the Choptank River in Maryland. The district court granted defendant's motion for summary judgment on the ground that the plaintiff, Stephenson, did not meet the definition of a "seaman" as set forth in the three-prong test in *Whittington v. Sewer Construction Co.*, 541 F.2d 427, 436 (4th Cir.1976), as well as because the cofferdam in which plaintiff was injured was not a part of a vessel. We affirm.

Stephenson was an employee of the McLean Contracting Co. He was regularly assigned to work on and off the *Annapolis*, a crane barge which was being used as a work platform to construct the columns which would support the bridge's span. At the time of his injury on March 26, 1986, Stephenson was using a cutting torch on pilings in a cofferdam[1] alongside the *Newport News*, another crane barge owned and used by McLean Contracting in the bridge project. While walking on a beam, Stephenson slipped on some loose gravel and fell to the bottom of the cofferdam, sustaining the injuries for which he sues.

The Jones Act, 46 U.S.C.App. § 688(a), states in part:

Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action

---

**1.** The cofferdam here was a box-like structure, from which water might be excluded, surrounding a foundation embedded in the river bottom. It was constructed to temporarily keep the river's water from the work area.

for damages at law, with the right of trial by jury....

To recover under the Act, a worker must prove he is a "seaman" within the meaning of the statute. This court set out a three-prong test for determining whether a worker is a seaman in *Whittington v. Sewer Construction Co.*, 541 F.2d at 436.

In *Whittington*, the plaintiff claimed he worked as a deck hand and seaman aboard a barge moored in the Elk River in Kanawha County, West Virginia. The barge was being used in a bridge demolition project and was moored in the river beneath a twelve-foot-square hole cut in the bridge. As the bridge was dismantled, the scrap was lowered through the hole and onto the barge. Whittington was injured when he fell while being lowered on a cable from the bridge to the barge.

The court in *Whittington* held that a worker must be a member of a crew of a vessel in navigable waters to be a "seaman" under the coverage of the Jones Act. *Id.* The court identified three requirements for a worker to be considered "a member of a crew": 1) the worker must be more or less permanently attached to a vessel or fleet; 2) the worker must be one whose duties serve naturally and primarily as an aid to navigation in the broadest sense; and 3) the vessel must be in navigation. *Id.* We agreed with the district court that as a bridge demolition worker Whittington was not a seaman and could not recover under the Jones Act, and we think *Whittington* is controlling in the present case.

For the purpose of ruling on the summary judgment motion in the case before us, the district court assumed that Stephenson was permanently attached to the *Annapolis* and that the *Annapolis* was in navigation. Thus, we need not consider these questions. What is at issue in this case is the district court's determination that Stephenson did not meet the second prong of the *Whittington* test, that his duties did not serve naturally and primarily as an aid to navigation.

■ The district court found that while Stevenson described himself as a deck hand, the nature and purpose of his activities were to construct a bridge. It found that his duties, considered in the aggregate, did not primarily serve as an aid to navigation and that he was not primarily engaged in moving the Annapolis or otherwise contributing to the transportation function of the vessel. Neither, the district found, was he indirectly contributing to the vessel's navigational functions by providing support services to those who were performing them. Although the district court gave Stephenson the benefit of the doubt by denying defendant's pre-trial motion for summary judgment and allowing the case to go to trial, upon the development of the evidence, after two days of testimony, that Stevenson performed a variety of duties, including welding, cutting off piling, construction on the framework for the bridge, riding concrete buckets and assisting in the pouring of concrete, it was apparent to the district court, as it found, that it was only incidental to the tasks of a bridge construction worker that the plaintiff performed any function relating to the transportation of the Annapolis. These facts, as found by the district court, are not refuted by the record, and we think it is clear that the duties of Stephenson did not "serve naturally and primarily as an aid to navigation in the broadest sense." *Whittington*, 541 F.2d at 436.

We thus agree with the district court that the plaintiff failed to present evidence that he was a seaman within the test set forth in *Whittington*, and that there was no genuine issue of material fact to go to the jury. Such judgment is proper where it is quite clear what the truth is. See *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962).

■ We also agree with the district court that Stephenson's unseaworthiness claim is without merit. To recover under the maritime doctrine of unseaworthiness, a worker must show that he was "doing the work of a seaman" and that his injury was caused by an unseaworthy appurtenance of a vessel in navigable waters. *Whittington*, 541 F.2d at 434. At the time

of Stephenson's injury he was doing the work of a bridge construction worker, not a seaman. Further, he was working in a cofferdam, an independent work site, not on any part of the vessel. See *Whittington*, 541 F.2d at 433.

The judgment of the district court is accordingly

AFFIRMED.