919 F.2d 139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. STEPHENSON, Plaintiff-Appellant,
v.
MCLEAN CONTRACTING COMPANY, INC., Defendant-Appellee.
 No. 90-2301.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 29, 1990.
Decided Dec. 4, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-88-2690-JFM)
 Joseph Francis Lentz, Jr., Lentz, Hooper, Jacobs & Blevins, P.A., Baltimore, Md., argued, for appellant.
 Thomas G. Young, III, Young & Battista, P.A., Baltimore, Md., argued, for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This suit seeks recovery under the Jones Act for injuries sustained by William Stephenson while working as a piping welder on and off a crane barge which was being used as a work platform in the construction of a bridge across the Choptank River in Maryland. Stephenson originally brought both Jones Act and unseaworthiness claims, and the district court sustained the defendant's motion for summary judgment in connection with both counts. The Court found that the plaintiff did not qualify as a "seaman" under the Jones Act, nor was he "doing the work of a seaman" at the time of his injury and thus was without any claim for unseaworthiness. The employee appealed the dismissal of his Jones Act claim, but not the denial of the unseaworthiness count. We affirm the district court's grant of summary judgment dismissing plaintiff's Jones Act claim.
 
 I.
 
 2
 This is the second appeal by the plaintiff, William Stephenson, in cases where he has sought recovery under the Jones Act, 46 U.S.C. App. Sec. 688(a), and under the maritime doctrine of unseaworthiness, for injuries sustained by him as an employee of the defendant McLean Contracting Company while engaged in the construction of a bridge across the Choptank River in Maryland. The first action dealt with injuries alleged to have been sustained by the plaintiff on March 26, 1986. This case was decided adversely to the plaintiff by the district court in a decision affirmed by us. Stephenson v. McLean Contracting Co., 863 F.2d 340 (4th Cir.), cert. denied, 109 S.Ct. 2110 (1989). The present action concerned an alleged injury sustained by the plaintiff on December 23, 1985, while working on the same construction project as the first in a similar capacity.
 
 
 3
 The plaintiff, at the time of both his alleged injuries, was working on and off the ANNAPOLIS, the crane barge used as a work platform in connection with the construction of columns which were to support the bridge's span over the river. The barge itself was not self-propelled but was moved from one work station to another along the length of its anchor lines. In his first case, we found that as an employee of the defendant, the plaintiff performed "a variety of duties, including welding, cutting off piling, constructing on the framework for the bridge, riding concrete buckets and assisting in the pouring of concrete [for the bridge]." 863 F.2d at 341. Under these facts, we held that as a matter of law Stephenson could not claim "seaman" status because his duties did not serve naturally and primarily as an aid to navigation; likewise, his unseaworthiness claim was also properly dismissed because he was not "doing the work of a seaman." Based on this earlier holding, the defendant here moved for summary judgment. After finding that Stephenson "was in the same status and was performing the same type of work which he was performing when he suffered [the other] injury on March 26, 1986," the district court granted the motion on both counts of plaintiff's complaint.
 
 II.
 
 4
 On the plaintiff's Jones Act claim, the district court in Stephenson's first case "assume[d] that plaintiff was permanently attached to the ANNAPOLIS and that the ANNAPOLIS was in navigation." The Court found, however, that the plaintiff "was not primarily engaged in moving the ANNAPOLIS or otherwise contributing to a transportation function of the barge. Nor was he indirectly contributing to the vessel's navigation functions by providing support to those who were performing them. Rather, the nature and purpose of his activities were to construct a bridge, a job not in aid of navigation." On those facts, the Court concluded the plaintiff had not established that he was a "seaman" entitled to invoke the benefits of the Jones Act.
 
 
 5
 On appeal, we affirmed the district court's granting of summary judgment to dismiss plaintiff's Jones Act claim, holding that on these facts
 
 
 6
 [W]e think it is clear that the duties of Stephenson did not "serve naturally and primarily as an aid to navigation in the broadest sense." Whittington [v. Sewer Construction Co., 541 F.2d 427, 436 (4th Cir.1976) ].
 
 
 7
 We thus agree with the district court that the plaintiff failed to present evidence that he was a seaman within the test set forth in Whittington, and that there was no genuine issue of material fact to go to the jury. Such judgment is proper where it is quite clear what the truth is.
 
 
 8
 863 F.2d at 341.
 
 
 9
 The earlier Stephenson case has been reaffirmed by us in Yoash v. McLean Contracting Co., 907 F.2d 1481 (4th Cir.1990), which involved claims by two employees engaged on the same project as Stephenson in much the same capacity. We find Stephenson and Yoash controlling in this case and accordingly affirm the decision herein.
 
 AFFIRMED