977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. STEPHENSON, Plaintiff-Appellant,
v.
MCLEAN CONTRACTING COMPANY, INC., Defendant-Appellee.
 No. 91-2637.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1992.
Decided Sept. 28, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore, No. CA-87-587-JFM; J. Frederick Motz, District Judge.
 Argued: Randolph C. Baker, Lentz, Hooper, Jacobs & Blevins, P.A., Bel Air, Md., for appellant; Thomas G. Young, III, Young & Battista, Baltimore, Md., for appellee.
 On Brief: Joseph F. Lentz, Jr., Lentz, Hooper, Jacobs & Blevins, P.A., Bel Air, Md., for appellant.
 D.Md.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Stephenson appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion to reopen a prior judgment in this case. Finding no abuse of discretion, we affirm the judgment of the district court.
 
 
 2
 Stephenson, an employee of McLean Contracting Company, was injured while working on a bridge construction project on the Choptank River. The district court determined that Stephenson had no claim under either the Jones Act, 46 U.S.C.App. § 688(a), or the maritime doctrine of unseaworthiness, and granted summary judgment to McLean. This decision was premised on the finding that, under Whittington v. Sewer Constr. Co., 541 F.2d 427 (4th Cir.1976), Stephenson was not a "seaman" for purposes of the Jones Act because his duties at the time of injury did not serve naturally and primarily as an aid to navigation in the broadest sense. Stephenson v. McLean Contracting Co. 702 F.Supp. 552, 554 (D.Md.1988).
 
 
 3
 We affirmed the district court's decision, agreeing "that the plaintiff failed to present evidence that he was a seaman within the test set forth in Whittington." Stephenson v. McLean Contracting Co., 863 F.2d 340, 341 (4th Cir.1988), cert. denied, 490 U.S. 1085 (1989). Subsequently, the Supreme Court held, contrary to Whittington, that one need not aid in the navigation of a vessel to qualify as a seaman under the Jones Act. McDermott Int'l, Inc. v. Wilander, 111 S.Ct. 807, 816-18 (1991).
 
 
 4
 Two months after the decision in McDermott, Stephenson filed his Rule 60(b) motion for relief from the district court's earlier judgment because that decision was at odds with McDermott. The district court found that Stephenson had not demonstrated extraordinary circumstances warranting relief, and denied the motion. It is from that decision that Stephenson appeals.
 
 
 5
 Stephenson did not premise his motion upon a specific subsection of Rule 60(b). However, we agree with McLean and the district court that the motion is properly construed as brought pursuant to Rule 60(b)(6), which provides relief for "any other reason justifying relief from the operation of the judgment." This is particularly true in light of our conclusion that Nunnery v. Barber, 23 Fed.R.Serv.2d 232 (4th Cir.), vacated on other grounds, 25 Fed.R.Serv.2d 856 (4th Cir.1977), is persuasive in the subject appeal.
 
 
 6
 In Nunnery, as in the present case, the issue was "whether Rule 60(b)(6) authorizes relief from a judgment on the ground that the rule of law applied by the court has been subsequently overruled or declared erroneous in another unrelated proceeding." Nunnery v. Barber, 23 Fed.R.Serv.2d at 233. In 1973, the district court dismissed Nunnery's complaint for failure to state a claim. Nunnery had alleged that she was dismissed from a job for patronage purposes in violation of the First and Fourteenth Amendments. We affirmed the district court's decision. Nunnery v. Barber, 503 F.2d 1349, 1359-60 (4th Cir.1974), cert. denied, 420 U.S. 1005 (1975).
 
 
 7
 Subsequently, in Elrod v. Burns, 427 U.S. 347 (1976), the Supreme Court held, contrary to our holding in Nunnery, 503 F.2d 1349, that the practice of patronage dismissals is unconstitutional under the First and Fourteenth Amendments. Id. at 373. Nunnery then filed a Rule 60(b) motion in the district court, asking that the court's earlier decision be vacated in light of Elrod.
 
 
 8
 The district court denied the motion on jurisdictional grounds, and Nunnery applied to this Court for leave to direct the district court to decide her motion. After disposing of the jurisdictional question, we held that because our final judgment in Nunnery preceded Elrod by more than one year and because Elrod contained no indication that the Supreme Court intended its holding to be applied retroactively, there was no reason to grant relief under Rule 60(b)(6). Nunnery v. Barber, 23 Fed.R.Serv.2d at 234. Accord: Hall v. Warden, Maryland Penitentiary, 364 F.2d 495 (4th Cir.1966) (en banc).
 
 
 9
 In the present case, as in Nunnery, this Court's prior decision preceded the Supreme Court's decision in McDermott by more than one year. Similarly, there is no suggestion in McDermott that the Supreme Court intended its decision to have retroactive effect. We see no difference between the facts of Nunnery and those of Stephenson's case that would justify a different result.
 
 
 10
 Accordingly, because the district court did not abuse its discretion in denying relief, we affirm the decision of the district court.
 
 
 11
 AFFIRMED.