UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLEVELAND GORE,
Plaintiff-Appellant,

v.

SEA-LAND SERVICES, INCORPORATED,

No. 94-2065

Defendant-Appellee,

and

ILA, LOCAL 1422-A,
Defendant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-93-473-18-2)

Submitted: April 4, 1995

Decided: January 16, 1996

Before WILKINSON and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cleveland Gore, Appellant Pro Se. William Hutchinson Vaughan, Jr.,
VAUGHAN & LAWRENCE, Charleston, South Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cleveland Gore appeals from the district court's orders granting partial summary judgment and entering judgment on the jury verdict for the Defendant against his claims under the National Labor Relations Act. We affirm.

Gore had alleged eleven causes of action against Sea-Land Services, Inc. ("Sea-Land"), and International Longshoremen's Association, Local 1422-A ("the union") arising out of his alleged wrongful termination from the employ of Sea-Land and the union's alleged breach of its duty of fair representation related to his termination. The parties consented to summary judgment on seven of the causes of action alleged in Gore's complaint. The district court entered judgment on two of the claims, determining that Gore was not a "seaman" under the Jones Act (46 App. U.S.C.A. § 688 (West Supp. 1994)), upon which those claims were predicated. The court determined that Gore's claims for breach of the employment contract and wrongful discharge were subject to the six-month statute of limitations of the National Labor Relations Act ("NLRA"). Finding a material factual issue as to when Gore knew or reasonably should have known "that the union grievance procedure had broken down to his disadvantage," the court denied summary judgment on these claims.

At the conclusion of the jury trial on the limited issue of whether Gore's claims under the NLRA were barred by the six-month statute of limitations, the jury returned a verdict in favor of Sea-Land. Gore, who was represented by counsel at trial, did not move for judgment as a matter of law, and he made no post-trial motions. Gore then appealed, arguing that the verdict was against the weight of the evidence, the jury considered improper evidence in reaching the verdict, the verdict was the result of impermissible speculation or sympathy, and his attorney failed to move for judgment as a matter of law.

2

To recover under the Jones Act, the individual must be more or less permanently assigned as a member of the crew of a vessel or fleet in navigation, and his duties must contribute to the function of the vessel. Stephenson v. McLean Contracting Co., 863 F.2d 340, 341 (4th Cir. 1988) (per curiam), cert. denied, 490 U.S. 1085 (1989). Gore admitted that he is not assigned to any vessel in the fleet, he was permanently assigned to the shore station, and he never went to sea in any of the vessels. On these undisputed facts, we find that the district court properly determined that Gore was not a seaman. We therefore affirm the order granting partial summary judgment.

Gore's contentions that the verdict was against the weight of the evidence, that the jury considered improper evidence in reaching the verdict, and that the verdict was the result of impermissible speculation or sympathy are properly asserted in either a motion for judgment as a matter of law or for a new trial. By failing to present the appropriate motions to the district court, Gore failed to preserve these issues for our review. See Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp., 41 F.3d 182, 186-87 (4th Cir. 1994); Tights, Inc. v. Acme-McCrary Corp., 541 F.2d 1047, 1058 (4th Cir.), cert. denied, 429 U.S. 980 (1976). Finding no plain error, we affirm.

Moreover, contrary to Gore's contention, the verdict was supported by the evidence. See Glasser v. United States , 315 U.S. 60, 80 (1942); Bristol Steel & Iron Works, 41 F.3d at 187-88. The jury heard evidence that due to Gore's unexcused absences, Sea-Land terminated Gore's employment. The union filed a grievance on Gore's behalf. The attorney for the union wrote to Gore advising him that the grievance had been unsuccessful and to seek employment elsewhere. Gore did not request that the grievance decision be appealed. Rather, he wrote to union officials and to the National Labor Relations Board ("NLRB") alleging that the union failed to represent him and conspired with his employer to remove him from his employment. The NLRB responded by sending Gore documents and information needed to file a claim against the union or its agents and advised Gore that the NLRA contains a six-month statute of limitation. Despite this notice, Gore did not pursue his claim.

On December 19, 1990, Gore wrote a letter to the union requesting reinstatement of his employment. He asserted that his termination was

3

partly due to his arrest and that he has now been acquitted. Sea-Land responded to this letter, explaining that Gore's suspension and subsequent termination were due to his unexcused absences from work, not due to his arrest. Gore argued to the jury that the December 1990 letter presented a new grievance. However, Gore admitted that the issues presented by that letter were the same as presented in his earlier grievance. Gore testified that it was not until December 8, 1992, that he first realized that the union "dropped the ball" on his grievance. He filed this action in January 1993, fifty-one days after this alleged discovery.

Sea-Land presented evidence that Gore discovered that Sea-Land would not reopen the issue with respect to Gore's employment in April 1991, yet he failed to file his complaint until January 1993. Further, Sea-Land presented evidence that Gore failed to inquire regarding the status of his grievance for nearly two years, despite his experience and the testimony of other witnesses that grievances were usually processed within one year.

We find that the evidence, viewed in the light most favorable to Sea-Land, is sufficient to support the jury's conclusion that Gore failed to file his action within six months of the date on which he knew or reasonably should have known that the grievance procedure had broken down to his disadvantage. See Dement v. Richmond, F. & P. R.R., 845 F.2d 451, 460 (4th Cir. 1988).

We therefore affirm the district court orders granting partial summary judgment for Defendant and entering judgment on the jury verdict for the Defendant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4